**Gabina Camacho LOPEZ, Plaintiff,**

v.

**Manuel RODRIQUEZ and Mirtha Rodriquez, Defendants.**

**Civ. A. No. 79–3102.**

United States District Court, District of Columbia.

Sept. 25, 1980.

Kenneth Bernard Weckstein, Epstein Becker Borsody & Green, Washington, D. C., for plaintiff.

Irwin A. Goldberg, Mackey & Klein, Washington, D. C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

AUBREY E. ROBINSON, Jr., District Judge.

This matter was tried by the Court on July 8 and July 9, 1980. Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1) This suit arises under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff, Gabina Camacho Lopez, a citizen of the Republic of Bolivia and a resident alien of the United States, contends that she was employed by Defendants, primarily as a housekeeper from October 9, 1976 to June 9, 1979, without receiving any monetary compensation. The Defendants, Manuel Rodriquez and Mirtha Rodriquez, husband and wife, citizens of Bolivia and resident aliens of the United States, deny that there was an employer–employee relationship between the parties and thus deny any liability to Plaintiff.

2) Plaintiff had five (5) years of formal education in Bolivia. She is literate in Spanish, but speaks little English. She first went to work in Bolivia at age 12. Her first job involved child care and housekeeping for a Wilson Arnez. She worked for Arnez for about nine (9) hours per day for approximately eight (8) years. Her starting salary of sixty (60) pesos per month had increased to three hundred (300) pesos per month by the time she left his employ. In addition to her salary she received room and board from Arnez.

3) After leaving the employ of Arnez, Plaintiff responded to a newspaper advertisement and in January 1976 obtained a job as a part–time housekeeper for Felipe and Esther Rodriquez, the parents of Defendant, Manuel Rodriquez.

4) Plaintiff had not known Felipe or Esther Rodriquez before she commenced working for them. She worked twenty–five (25) hours per week and was paid three hundred (300) pesos per month.

5) Part of Plaintiff's duties for Felipe and Esther Rodriquez was to care for the children of Defendants, who were residing with their grandparents (Felipe and Esther Rodriquez) in Cochabamba, Bolivia. These children, Pamela, Carla, and Alejandra, were eleven (11), eight (8), and seven (7) years of age as of March 17, 1980. While Plaintiff was employed by Felipe and Esther Rodriquez in Bolivia, the Defendants were working in the United States.

6) In September of 1976, Plaintiff was informed by Esther Rodriquez that Defendant, Manuel Rodriquez, was looking for a maid to come to the United States and work for him and his wife by assisting in the care of their children and in housekeeping.

7) Defendant Mirtha Rodriquez went to Bolivia, met Plaintiff and after conferring with her and several of her relatives, arranged for Plaintiff to come to the United States to assist in the care of her children and house. She understood that she would be paid for her work and that she would live with and be provided her necessities by the Defendants. This was also an exciting experience for her as a Bolivian of Indian heritage to earn more than she could in Bolivia and also travel beyond her native Bolivia for the first time—to the United States of America.

8) On October 9, 1976, at the age of nineteen (19) Plaintiff came to the United States with Mirtha Rodriquez who had made all of the necessary documentary and travel arrangements. She resided with Defendants first at their Virginia residence and subsequently at their Maryland residence from October 9, 1976 until June 9, 1979.

9) While she resided with the Defendants, Plaintiff cooked, cleaned house and took care of Defendants' minor children. These duties were her sole responsibility while both Defendants were at work or otherwise absent from the home. She was assisted in these duties when either or both of the Defendants were in the home. She worked seven (7) days per week, ten (10) to twelve (12) hours per day, without vacation or time off except occasional shopping trips or social visits with either or both of the Defendants and usually with their children. Prior to May, 1979, Plaintiff had never been away from Defendants' residence except in the company of either or both of the Defendants, their children or their friends.

10) While employed by and living with the Defendants, Plaintiff received room, board, miscellaneous clothing and toiletries, medical expenses and minimal pocket money. She never received the money Defendants had advised Plaintiff they were banking for her. Their refusal of Plaintiff's demand for payment of this money and their refusal to permit Plaintiff to make friends of her own or to go to church precipitated this litigation.

11) Defendants claimed a child care credit of nine hundred dollars ($900) on their 1976 income tax return for services rendered to them by the Plaintiff. As educated, intelligent, bilingual persons, Defendants failed to demonstrate a good faith effort to comply with the Fair Labor Standards Act. They exploited for their own purposes a young, poorly educated, naive alien who was completely at their whim and mercy.

## CONCLUSIONS OF LAW

1) The Court has jurisdiction over this action.

2) The Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201, *et seq.*, requires that any employee who is employed in domestic service in a household be paid not less than an hourly rate prescribed by law. 29 U.S.C. § 206(f). For the year 1976, the prescribed minimum wage was $2.20 an hour. For the year 1977, the prescribed minimum wage was $2.30 an hour. For the year 1978, the prescribed minimum wage was $2.65 an hour. And for the year 1979, the prescribed minimum wage was $2.90 an hour. 29 U.S.C. §§ 206(f), 206(b) and 206(a)(1).

3) Any employer who violates the provisions of 29 U.S.C. § 206 is liable to the employee affected for the unpaid minimum wages, an additional equal amount as liquidated damages, a reasonable attorney's fee and the costs of the action brought to recover the liability. 29 U.S.C. § 216(b).

4) The reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid an employee only where acceptance of the facility is voluntary and uncoerced. 29 C.F.R. § 531.30.

5) The work performed by Plaintiff for the Defendants was covered by the Fair Labor Standards Act. *Marshall v. Intraworld Commodities Corp.*, 24 WH Cases 860 (E.D.N.Y., June 5, 1980).

6) Plaintiff's cause of action against Defendants accrued in May of 1979 when the Defendant refused to honor Plaintiff's requests for the accumulated wages that they had allegedly been holding for the Plaintiff.

7) Defendants willfully violated the Fair Labor Standards Act.

8) Defendants are liable to Plaintiff for unpaid minimum wages of $28,040.00,[1] plus an additional equal amount as liquidated damages, plus a reasonable attorney's fee, plus the costs of this action.

9) The Defendants are not entitled to receive a credit for board, lodging or other facilities furnished to Plaintiff. *Marshall v. Intraworld Commodities Corp., supra.* 29 C.F.R. § 531.30.

10) The Defendants are not entitled to receive a setoff for the cost of any miscellaneous clothing, medical and other expenses that they may have incurred on Plaintiff's behalf. *Brennan v. Heard*, 491 F.2d 1 (5th Cir., 1974).

11) Plaintiff is not entitled to receive a premium from the Defendants for the overtime hours (those in excess of 40) that she worked for the Defendants each week. 29 U.S.C. §§ 213(b)(21) and 207.

12) Plaintiff is not entitled to recover prejudgment interest on the amounts due her from the Defendants since her recovery of liquidated damages equal to the amount of her unpaid minimum wages constitutes compensation for damages arising from the Defendants' delay in the payment of the basic minimum wage.

13) In view of the foregoing, Plaintiff is entitled, as a matter of law, to judgment in the amount of $56,080.00 against the Defendants, plus reasonable attorney's fees and the costs of this action. SO ORDERED.

I. MINIMUM WAGES DUE PLAINTIFF BY DEFENDANTS

Total Minimum Wages Earned

| Year | Applicable Minimum Wage | x | Weeks Employed | x | Hours in Workweek | = | Minimum Wage Due |
|------|------|---|------|---|------|---|------|
| 1976 | $ 2.20 | | 12 | | 80 | | $ 2,112.00 |
| 1977 | 2.30 | | 52 | | 80 | | 9,568.00 |
| 1978 | 2.65 | | 52 | | 80 | | 11,024.00 |
| 1979 | 2.90 | | 23 | | 80 | | 5,336.00 |

Equals

TOTAL MINIMUM WAGES EARNED BUT UNPAID      $ 28,040.00