**DAVIS BROTHERS, INC.**

v.

**F. Ray MARSHALL, Secretary of Labor, et al.**

**Civ. A. No. 80–970.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 17, 1981.

John D. Marshall, Lyle J. Guilbeau, Branch & Swann, Atlanta, Ga., for plaintiff.

Douglas P. Roberto, Asst. U. S. Atty., William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., for defendants.

### ORDER

ORINDA D. EVANS, District Judge.

In this case, Plaintiff Davis Brothers, Inc. ("Davis") asks the Court to strike down 29 C.F.R. § 531.30 as inconsistent with section 3(m) of the Fair Labor Standards Act, 29 U.S.C. § 203(m). Davis also seeks an injunction preventing the Secretary of Labor (the "Secretary") from any enforcement actions against Davis on the basis of 29 C.F.R. § 531.30. In a counterclaim the Secretary requests that the Court find Davis in civil contempt for violation of a Judgment entered against Davis in *Marshall v. Davis Brothers, Inc.*, No. 77–1085A (N.D.Ga. May

23, 1978). The parties have filed a Stipulation of Facts, and have agreed to proceed by way of summary judgment. Both parties have now filed motions for summary judgment.

The Fair Labor Standards Act ("FLSA") requires employers to pay a minimum wage, currently fixed at $3.35 per hour. 29 U.S.C. § 206. Section 3(m) of the FLSA provides that in determining the amount of the "wage" paid to an employee, an employer is permitted to take a credit in the amount of the "reasonable cost" of meals provided to the employee, if the employer "customarily furnishes" such meals to his employees.[1] In 29 C.F.R. § 531.30, the Secretary interprets the word "furnished" in section 3(m) to permit an employer to take a credit only for those meals and other facilities whose acceptance and utilization by the employee is "voluntary and uncoerced."[2] Davis contends that in adding the requirement that acceptance of meals as part of an employee's wages be "voluntary and uncoerced," the Secretary has exceeded his authority and done violence to the language and legislative history of the FLSA.

The facts of this case are undisputed. See Stipulation of Facts, filed April 8, 1981. The Court will briefly recite the facts necessary to a determination of this case.

Davis operates motels, cafeterias and restaurants in Georgia, Florida and Tennessee. It is an employer within the meaning of the FLSA. On May 23, 1978, Davis was permanently enjoined from violating the minimum wage and other provisions of the FLSA. *Marshall v. Davis Brothers, Inc.*, No. C77–1085A (N.D.Ga. May 23, 1978).

Prior to January 1, 1980, Davis paid at least the full minimum wage in cash to all

---

**1.** Section 3(m) of the FLSA, 29 U.S.C. § 203(m), provides in relevant part:

"Wage" paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with Board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees . . .

**2.** 29 C.F.R. § 531.30 provides:

§ 531.30 'Furnished' to the employee:

The reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid to an employee only where customarily 'furnished' to the employee. Not only must the employee receive the benefits of the facility for which he is charged, but it is essential that his acceptance of the facility be voluntary and uncoerced. See *Williams v. Atlantic Coast Line Railroad Co.* (E.D.N.C.). 1 WH Cases 289.

hourly food service employees (the "employees"), and permitted them to purchase meals for one half of the retail price. On January 1, 1980, Davis instituted a new policy. Employees were permitted to select food from a limited portion of the regular menu but no longer directly paid for their meals. Instead, Davis deducted $.25 or $.35 per hour from their wages as the reasonable cost of the meals it provided them. This deduction resulted in some employees receiving less than the minimum wage in cash wages. The deductions are made as a condition of employment regardless of the wishes and eating habits of the employee, and the only exceptions have been for six employees who have presented statements from their physicians that they cannot eat the food prepared by Davis. A few employees eat little or no food, and many employees would prefer the option of receiving the full minimum wage in cash.

Davis now seeks to have the Court declare 29 C.F.R. § 531.30 (the "regulation") invalid. Several of the arguments made by Davis can be dismissed with little discussion. Davis argues that certain Circuit and District Court opinions and Department of Labor Opinion Letters concerning wage credit for food and lodging did not mention the regulation. However, the Court cannot conclude that the regulation is invalid simply because it was not mentioned in court opinions or administrative opinion letters in cases in which the "voluntary and uncoerced" issue did not arise. Davis argues that the Secretary has inconsistently interpreted section 3(m) of the FLSA. The regulation was issued in 1940, and has been the basis of court decisions since at least 1971; any change in the Secretary's interpretation of section 3(m) occurred so long ago that Davis cannot complain of it now. Davis

argues that the regulation is inconsistent with other regulations regarding the calculation of overtime. The court rejects this argument as factually inaccurate and irrelevant in any event.

The more serious arguments raised by Davis concern the language and the legislative history of the FLSA. The terms of section 3(m) explicitly grant the Secretary only the authority to determine the employer's "reasonable cost." Davis concedes that the Secretary has the additional implicit authority to decide whether an item qualifies as "board, lodging, or other facilities," to determine whether the employer "customarily furnishes" the items to his employees, and to decide whether they are furnished for the benefit of the employer. Plaintiff's Brief at 10. Nonetheless, Davis argues that the statute does not grant the Secretary the right to redefine the word "furnished." The "voluntary and uncoerced" requirement of 29 C.F.R. § 531.30, Davis argues, in effect constitutes an administrative amendment to the statute.

However, the legislative history cited in Davis' own brief indicates that Congress intended to leave the determination of a "fair" charge entirely to the Secretary.[3] The "fairness" of a charge involves more than just its amount; Congress must have intended to grant the Secretary the authority to determine whether the meals were properly "furnished" at all within the meaning of section 3(m).

In enacting the FLSA, Congress wished to protect the employees from the superior bargaining position of the employer.[4] *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–07, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). By preventing employers from forcing employees to accept unwanted meals and lodging as part of their wages, the

---

3. *Mr. O'Malley.* I think the gentleman has in mind the lumber industry, where workers in the forest are charged for board and lodging and it is placed against their wages.

   *Mr. Crawford.* Yes; a number of industries have that same problem.

   *Mr. O'Malley.* And does the gentleman's amendment [which in substance became section 3(m)] leave it to the Secretary to determine what a fair charge shall be?

   *Mr. Crawford.* Yes; it leaves it entirely in the hands of the Secretary. There is no way in which it will operate against the employee. 83 Cong.Rec. 7408 (1938).

4. *See, e. g.,* the final statement of Congressman Crawford in the legislative history cited in note 3 *supra.*

regulation serves this Congressional goal. Congress expressed concern that section 3(m) might permit employers to overcharge their employees for food and lodging, and so explicitly granted the Secretary the right to determine "reasonable cost." *See* legislative history cited in *Walling v. Peavy-Wilson Lumber Co.*, 49 F.Supp. 846, 860 (W.D. La.1943). The Secretary's interpretation of "furnished" is merely his method of dealing with employers who escape the "reasonable cost" sanctions by charging their employees the reasonable cost of meals they never eat.

The Fifth Circuit has said, in a case in a related area, that "Congress has determined that the individual worker should have both the freedom and the responsibility to allocate his minimum wage among competing economic and personal interests." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974). The regulation at issue here is not inconsistent with section 3(m), and furthers this Congressional purpose. In the last decade, five district courts have applied the regulation without questioning the Secretary's authority to issue and enforce it.[5] *Morrison, Inc. v. Marshall*, No. 80–0228–P (S.D.Ala. June 15, 1981); *Lopez v. Rodriquez*, 500 F.Supp. 79 (D.D.C.1980); *Marshall v. Intraworld Commodities Corp.*, 24 WH Cases 860 (E.D. N.Y.1980); *Marshall v. New Floridian Hotel*, 24 WH Cases 530 (S.D.Fla.1979), *appeal pending*, No. 80–5348 (5th Cir.); *Hodgson v. Frisch Dixie, Inc.*, 20 WH Cases 167 (W.D. Ky.1971), *aff'd per curiam*, 469 F.2d 82 (6th Cir. 1977). In response, Davis cites language in *Melton v. Round Table Restaurant, Inc.*, 20 WH Cases 532, 534 (N.D.Ga. 1971) that "the mere fact that some employees did not uniformly avail themselves of the meals constitutes no bar, anymore than would the failure to use furnished lodging every single night." However, the *Melton* court did not directly consider the issue of voluntary acceptance, and did not mention 29 C.F.R. § 531.30. To the extent that the quoted language supports Davis' position, this Court respectfully disagrees with Judge Smith. Finally, despite Davis' arguments to the contrary[6], the principle that receipt of meals and lodging must be voluntary to be credited as "wages" is also contained in the case on which the Secretary based 29 C.F.R. § 531.30. *Williams v. Atlantic Coast Line Railroad Co.*, 1 WH Cases 289 (E.D.N.C.1940).

The Supreme Court has stated that courts should not apply the provisions of the FLSA "in a narrow, grudging manner." *Tennessee Coal Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944). The Fifth Circuit has stated that Congress put a "unique imprimatur" on pre-1949 FLSA regulations in a 1949 amendment. *Libby, McNeill & Libby v. Mitchell*, 256 F.2d 832, 837 (5th Cir. 1958). The Court therefore holds 29 C.F.R. § 531.-30 to be a valid exercise of the Secretary's authority under the FLSA.

It is undisputed that some Davis employees receive less than the minimum wage in cash wages. Stipulation of Fact at ¶ 11. Under 29 C.F.R. § 531.30, Davis cannot claim a meal credit of $.25 or $.35 per hour, because its employees' acceptance of the meals furnished by Davis is not "voluntary and uncoerced." Therefore, the Court finds that since January 1, 1980, Davis has been in violation of 29 U.S.C. § 206, the minimum wage provision of the FLSA.

There remains the issue of the Secretary's counterclaim for a finding that Davis

---

5. The Court agrees with Davis' contention that four of these decisions contained no analysis to the Secretary's authority to issue 29 C.F.R. § 531.30. However, that criticism cannot be levelled at *Morrison*—nor at this Court's opinion.

6. Davis contends that the *Williams* court decided only that certain items for which the employer claimed wage credit did not qualify as "board, lodging, or other facilities," and those items that did qualify were not actually "furnished" because the employees never utilized them. However, at least one of the *Williams* plaintiffs "put a bed in the [boxcar 'lodging'] assigned to him and frequently slept in it in order to hold his job." 1 WH Cases at 292. This employee's acceptance of such "lodging" was involuntary and coerced. *Id.* The court held that "defendant did not, within the meaning of the Act, furnish the plaintiffs with housing." *Id.* Lodging was actually furnished to and accepted by one plaintiff; the *Williams* court therefore held that it was not furnished "within the meaning of the Act" because its acceptance was not voluntary and uncoerced.

is in civil contempt for violating an injunction issued by Judge O'Kelley of this Court in 1978. A finding of contempt is rarely appropriate in a summary judgment context, and the Court therefore declines to hold Davis in contempt.

Davis' Motion for Summary Judgment is DENIED in all respects. The Secretary's Motion for Summary Judgment that 29 C.F.R. § 531.30 is lawful and that Davis is in violation of the minimum wage provisions of Fair Labor Standards Act is GRANTED. Davis is hereby ORDERED to compute the amounts due to its employees as a result of its violation, subject to verification by the Secretary.