Peter J. BRENNAN, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellant-Cross Appellee,

v.

Mark HEARD, Jr., Individually, et al.,
Defendants-Appellees-Cross
Appellants.

No. 73-1228.

United States Court of Appeals,
Fifth Circuit.

March 14, 1974.

Jacob I. Karro, U. S. Dept. of Labor, Office of the Sol., Washington, D. C., for appellant.

W. Woodrow Stewart, Gainesville, Ga., Leon Boling, Cumming, Ga., for appellees.

Before BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

This action was initiated by the Secretary of Labor to enjoin defendants, Mark Heard, Jr. and Mark Heard Fuel Company, from violating the Fair Labor Standards Act (FLSA)[1] in the operation of their poultry and gas producing enterprises by withholding from their employees sums due under the minimum wage and overtime provisions of the Act. The district court found willful violations of the FLSA in defendants' wage and bookkeeping practices in the poultry business and entered an order enjoining future violations and directing the payment of back wages. The trial court, however, reduced the back pay awards by amounts owed the defendants by employees and their spouses and refused to tax certain witness fees against defendants as part of the costs.

The Secretary appeals from the allowance of set-offs and from the restrictions on witness fees. Defendants appeal from the finding of willful violation of the Act and the consequent application of the three year limitations period on back pay. We affirm the district court in its finding of willfulness, but reverse the judgment below insofar as it permitted set-offs and denied witness fees.

## I. Willful Violation

29 U.S.C. § 255, as amended in 1966, provides that "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages . . . shall be forever barred unless commenced within two years aft-

Donald S. Shire, U. S. Dept. of Labor, Richard F. Schubert, Sol. of Labor, U. S. Dept. of Labor, Carin Ann Clauss, Associate Sol., Washington, D. C., Beverley R. Worrell, Regional Sol., U. S. Dept. of Labor, James H. Woodson, Atty., Stephen J. Simko, Atlanta, Ga.,

1. 29 U.S.C. § 201 et seq.

er the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." The district court found that defendants had willfully violated the FLSA wage and overtime requirements. Defendants do not contest the correctness of the underlying decision on liability, but rather argue vigorously that Heard's unlawful conduct was a consequence of ignorance and inadvertence, and that back pay should therefore be awarded only for the two year period prior to the filing of suit.

■ Defendants contend that in order for a violation of the FLSA to be willful, the employer must have proceeded with knowledge that his actions were contrary to the requirements of the Act. This statutory interpretation cannot withstand the decisions of this Court in Coleman v. Jiffy June Farms, Inc., 5 Cir. 1972, 458 F.2d 1139, and Brennan v. J. M. Fields, Inc., 5 Cir. 1973, 488 F.2d 443. Those cases establish that neither a good faith belief in the lawfulness of his wage and overtime regulations nor complete ignorance of their invalidity shields the employer from the additional year of liability. Such nescience and naivete are not determinative on the question of willfulness under this Act. An employer acts willfully and subjects himself to the three year liability provision if he knows, or has reason to know, that his conduct is *governed by* the Fair Labor Standards Act.

"Stated most simply, we think the test should be: Did the employer know the FLSA was in the picture? . . . The entire legislative history of the 1966 amendments of the FLSA indicates a liberalizing intention on the part of Congress. Requiring employers to have more than awareness of the possible applicability of the FLSA would be inconsistent with that intent."

Coleman v. Jiffy June Farms, Inc., 458 F.2d at 1142.

■ The record amply supports, indeed it compels, a finding of willfulness in this case. The individual defendant, Heard, president of defendant Fuel Company, testified that he knew of the existence of the Fair Labor Standards Act and had "heard talk" that recent amendments had extended coverage to those in the position of his employees. Defendant's unwillingness to make further inquiries and to determine the exact parameters of his statutory obligation affords him no protection. An ostrichlike cultivation of ignorance has never been considered a defense to liability for willful violation of the Act. *See* Mitchell v. Hausman, 5 Cir. 1958, 261 F.2d 778, 780.

## II. Set-offs

■ The district court permitted set-offs against the amount due in back pay for the value of goods, including gas and supplies from the company store, furnished by Heard to his employees. As a result of these deductions the final awards to many of defendants' workers dropped below the minimum payments required by the Act. In Brennan v. Veterans Cleaning Service, Inc., 5 Cir. 1973, 482 F.2d 1362, this Court held that payroll deductions to compensate for debts owed by an employee to his employer were impermissible if they operated to reduce income below the wage floor prescribed by the FLSA. Congress' express purpose in passing the Act had been to enable a substantial portion of the American work force to maintain a minimum standard of living, *see* Brooklyn Savings Bank v. O'Neil, 1945, 324 U.S. 697, 706–707, 65 S.Ct. 895, 89 L.Ed. 1296; and we recognized in *Veterans Cleaning* that to accomplish this end, "the minimum wage required must normally be paid 'free and clear' . . . . ." 482 F.2d at 1369.[2]

---

2. The Court outlined three exceptions to this requirement of "cash in hand," none applicable to the set-offs at issue in this case:

(1) 29 U.S.C. § 203 (m) includes in the definition of *wage* "the reasonable cost . . . to the employer of furnishing such employee

██ Congress has determined that the individual worker should have both the freedom and the responsibility to allocate his minimum wage among competing economic and personal interests. Defendants succeeded below in preventing the full exercise of that employee discretion, which has been mandated by the FLSA and specifically recognized by this Court. Brennan v. Veterans Cleaning Service, Inc., *supra*, at 1369. The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships woud be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

## III.  Witness Fees

██ The district court taxed costs to the defendants, but excluded from the award any fees for employee-witnesses who would receive back pay as a result of its judgment. This decision was based on the court's conclusion that defendants' employees are the "real parties at interest" in this litigation and therefore are not entitled to any additional payment as witnesses.[3] This determination that the individual employees, and not the Secretary acting on behalf of the United States, are real parties to this law suit ignores the clear import of Section 16 of the Fair Labor Standards Act.

Though the employees remain the statutory beneficiaries of any back pay awards, section 16(b)[4] establishes that "the right provided by this subsection to bring an action by or on behalf of any employee and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor . . . ." The formal appearance of the Secretary destroys the private char-

---

with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." The parties stipulated to the rental value of the homes furnished by defendants; and, although its brief is hardly a model of clarity, the Government evidently raises no objection to counting these sums as part of the wages already paid.

(2) Where the employee has previously misappropriated funds, temporary reductions below the statutory minimum have been permitted in order that the employer might recoup the losses. "In such a case there would be no violation of the Act because the employee has taken more than the amount of his wage and the return could in no way reduce his wage below the minimum." Mayhue's Super Liquor Stores, Inc. v. Hodgson, 5 Cir. 1972, 464 F.2d 1196, 1198, cert. denied, 409 U.S. 1108, 93 S.Ct. 908, 34 L.Ed.2d 688.

(3) An employer may also count as wages any sums paid to a third party at the request of the employee. "[T]he payment by the employer to the third party is equivalent to a loan to the employee, or an advance against his salary. Accordingly, deductions to recoup the outlay must be counted as wages." Brennan v. Veterans Cleaning Service, Inc., 482 F.2d at 1369.

3. If the court below was indeed proceeding on the theory of real party in interest, the distinction made between employees who will receive back pay through this suit and those who will not is difficult to understand. Presumably all of defendants' workers considered in the litigation had an interest in its outcome. Satisfaction with the result has never before been considered a standard for judging interest in a suit.

4. 29 U.S.C. § 216(b).

acter of any previous dispute between workers and their employer over wages and hours. The vindication of any personal interest in back pay is subordinated to the protection of the national interest in proper enforcement of the Act. Given this exclusion of the employees from participation in the suit and the public nature of the litigation, the court below abused its discretion by excluding witness fees for defendants' employees from the calculation of costs.

The judgment of the district court is reversed insofar as it allowed set-offs against the back pay found owing under the wage and overtime provisions of the FLSA and excluded certain witness fees from the costs. The case is remanded with instructions to enter judgment for the full amount of back pay and to make a full assessment of costs. In all other respects the judgment of the court below is affirmed.

Affirmed in part, reversed and remanded in part.