Ray MARSHALL, Secretary of Labor, etc., Plaintiff, Appellee,

v.

ERIN FOOD SERVICES, INC., d/b/a Burger King, and David W. Murray, Defendants, Appellants.

No. 80–1765.

United States Court of Appeals, First Circuit.

Submitted Dec. 11, 1981.

Decided Feb. 22, 1982.

Joseph Williams, and Kfoury & Williams, Manchester, N. H., on brief for defendants, appellants.

T. Timothy Ryan, Jr., Sol. of Labor, Albert H. Ross, Regional Sol., Boston, Mass., Donald S. Shire, Associate Sol., Mary-Helen Mautner and Barbara E. Kahl, Attys., U. S. Dept. of Labor, Washington, D. C., on brief for plaintiff, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and WYZANSKI,* Senior District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

The Secretary of Labor brought this action against Erin Food Services, Inc. to restrain defendant from continuing alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and to recover back pay for overtime allegedly due certain employees. After a bench trial, the district court granted the relief sought by the Secretary. Defendant appeals. We affirm.

Defendant is a franchisee of Burger King Corporation, and operates 11 fast food restaurants under a license from Burger King. The operations must conform to Burger King's specifications, many of which are set forth in its "Manual of Operating Data." The employees at issue here are assistant managers, who supervise the restaurants in the absence of the manager. Defendant argued that the employees were executives and thus exempt from the wage and hour provisions of the Act. *See* 29 U.S.C. § 213(a).[1] Regulations set forth in detail the requirements for this exemption. *See* 29 C.F.R. § 541.1. One of the requirements applicable to these employees is that they may not devote more than 40 percent of their time to activities not directly and closely related to management. *See id.*,

---

* Of the District of Massachusetts, sitting by designation.

1. We have today also decided a case involving similar issues with respect to company-owned Burger King restaurants. *See Donovan v. Burger King Corp.*, 672 F.2d 221 (1st Cir. 1982).

§ 541.1(e).[2] The district court found that the assistant managers did not qualify for the exemption.[3] It concluded that they worked at non-exempt routine tasks more than 50 percent of the time.[4] This finding is amply supported, and not clearly erroneous. We therefore do not disturb it. Fed. R.Civ.P. 52(a). The district court's implicit conclusion that the tasks in question were not directly, or closely related to management is similarly supportable. *See also Donovan v. Burger King Corp.*, 672 F.2d 221, 227–228 (1st Cir. 1982).

◾ Defendant next contends that the district court incorrectly used the three-year statute of limitations applicable to willful violations rather than the two-year period applicable to nonwillful violations, *see* 29 U.S.C. § 255(a), in determining the amount of back pay owed the employees. The test for willfulness is whether the employer knew or had reason to know that the FLSA was applicable to its employment practices. *See, e.g., Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir. 1974); *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir.), *cert. denied*, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972). Neither bad faith

nor knowledge that a particular practice violates the Act is required. *Brennan v. Heard*, 491 F.2d 1; *Nitterright v. Claytor*, 454 F.Supp. 130, 139 (D.D.C.1978). Here, David Murray, the sole owner of Erin Food Services and a codefendant in this case, admitted knowing of the applicability of the FLSA, although he apparently was unaware of the requirements for meeting the executive exemption. In such circumstances, the court did not err in applying the three-year limitation period.

◾ Defendant's final contention is that the district court erroneously awarded back wages to ten assistant managers who testified that they spent less than 40 percent of their time on non-exempt duties. The court found that most, possibly all, of these persons were still employees of defendant, and the implication is clear that the court did not believe their testimony in light of the myriad of other evidence to the contrary. The court was therefore justified in awarding them back pay, as the employees could not waive their right to FLSA protection by their testimony. *Cf. Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945).

*Affirmed.*

---

**2.** Since none of the assistant managers earned more than $250 per week, they had to meet the requirements of the regulation known as the "long test." The "short test," which does not include the time limitation, is not applicable to these employees. *Compare Donovan v. Burger King Corp.*, 672 F.2d at 223–24.

**3.** Defendant contends that the district court's findings of fact on this issue were inconsistent. While the import of some of the findings is unclear because some of defendant's proposed findings were "granted in part" without fuller explanation, it is unambiguous that the court found that the assistant managers were not exempt because they spent more than 50 percent of their time on nonexempt production work. The district court's findings should be construed liberally in support of its judgment, 5A Moore's Federal Practice ¶ 52.06[1] (1980), and we therefore decline to interpret any ambiguities inconsistently with the judgment.

**4.** Defendant contends also that employees found to have worked at non-exempt tasks in violation of the employer's instructions should have been denied back pay. The sole finding of

fact on this issue was originally drafted by defendant, and reads as follows:

> In the case of several employees, they performed routine work beyond the permitted tolerance levels against the express and repeated instructions of defendant's store managers and district managers.

Defendant's argument apparently is that such work should not be counted toward the necessary 40 percent of non-exempt time required to keep the employees out of the executive exemption. Even assuming this to be a correct statement of the applicable law, an issue we do not decide, this finding of fact is insufficient for defendant's purpose. Defendant admittedly has the burden of proof on the facts necessary to bring its employees within the exemption. *See Walling v. General Industries Co.*, 330 U.S. 545, 547–48, 67 S.Ct. 883, 884, 91 L.Ed. 1088 (1947); *Armstrong Co. v. Walling*, 161 F.2d 515, 517 (1st Cir. 1947). There is no finding here as to the amount of time spent on non-exempt tasks in violation of instructions, nor as to the employees who were involved. The vague finding that was granted is insufficient to meet defendant's burden of proof, and the court therefore did not err in granting back pay to all of the assistant managers involved.