**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor**

v.

**RICHLAND SHOE COMPANY.**

Civ. A. No. 84–3821.

United States District Court, E.D. Pennsylvania.

April 15, 1985.

Francis X. Lilly, U.S. Dept. of Labor, Office of the Sol., Philadelphia, Pa., for plaintiff.

Leon Ehrlich, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Presently before me in this Fair Labor Standards Act ("FLSA") case is plaintiff's motion for summary judgment. For the reasons set forth below, this motion will be granted.

### BACKGROUND

Defendant Richland Shoe Company ("Richland") is a manufacturer of footwear and other leather products. Plaintiff has brought this action seeking an injunction against further violations of the FLSA and for restitution on behalf of seven of Richland's employees. All seven of these employees are mechanics whose duties include repairing and maintaining equipment at Richland's plant. It is admitted that all of these employees work, on average, in excess of forty hours a week.

Section 7(a)(1) of the FLSA requires employers to pay all employees at least "one and one-half times the regular" pay rate for hours worked over forty in a

given workweek. 29 U.S.C. § 207(a)(1).[1] This provision, like the FLSA in in general, is "remedial and humanitarian in purpose" and must not be interpreted or applied in a "narrow grudging manner." *Tennessee Coal Co. v. Muscoda Local 123*, 321 U.S. 590, 597, 64 S.Ct. 698, 702, 88 L.Ed. 949 (1944). There is, however, a narrow exception to the general proscriptions of § 7(a)(1). 29 U.S.C. § 207(f). This exception, enacted in response to the Supreme Court's decision in *Walling v. A.H. Belo Co.*, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942), allows an employer to modify the otherwise applicable overtime provisions of the FLSA. Congress, the Court, and the Secretary have described a number of requirements for such "Belo" plans. They are:

1. The employment must be pursuant to a bona fide contract or agreement.

2. The duties of the employees must necessitate workweeks which fluctuate both above and below forty hours per week.

3. The contract or agreement must specify the regular rate of pay, which is not less than the minimum wage, and compensation at not less than time and one-half that regular rate for all hours worked over the maximum workweek.

4. The contract or agreement must also provide a weekly guaranty of pay for not more than sixty hours per week.

29 U.S.C. § 207(f); *see* 29 C.F.R. § 778.-405–778.413; *Donovan v. Brown Equip. & Serv. Tools*, 666 F.2d 148, 153 (5th Cir. 1982). The employer has the burden of proving that all elements are present in order to come within the exception. *Brown Equip.*, 666 F.2d at 153. Belo plans are to be narrowly construed against the employer asserting them, *Id.*, and must be considered in light of their purposes.

"These plans secure employees whose work necessitates wide and unpredictable fluctuations in hours against 'short' paychecks in weeks when they work very few hours. A fixed wage gives such employees 'the security of a regular weekly income' so that they can operate on a stable budget." *Id.* at 153. (*quoting Walling v. A.H. Belo*, 316 U.S. at 635, 62 S.Ct. at 1229). Obviously, Belo plans are not allowable merely because they allow an employer to work employees forty hours a week without paying them time and one-half.

In the present motion, plaintiff asserts that Richland's putative Belo plan fails to satisfy any of the four requirements listed above. Rule 56 of the Federal Rules of Civil Procedure provides that a trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Inferences to be drawn from underlying facts contained in the evidentiary sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion and doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Hollinger v. Wagner Mining and Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). In the present case, I believe that plaintiff has met its burden of showing that there exists no genuine issue of fact regarding the validity of the defendant's Belo plan. I will therefore grant summary judgment in favor of plaintiff.

## DISCUSSION

Although plaintiff asserts that defendant's plan fails to satisfy any of the necessary elements of a Belo plan, I need

---

1. Section 7(a)(1) provides:

    (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

    29 U.S.C. § 207(a)(1).

not consider all of its claims in order to grant summary judgment in its favor. I believe that there can exist no issue of fact regarding the second requirement of § 7(f): that the workweek of the employees fluctuates above and below forty hours per week as a necessary result of the work performed.

The employees in question are all mechanics. They work on a forty-eight hour "base week." That is, they were paid a weekly salary for for all hours worked up to forty-eight hours per week. Marburger Deposition at 7; Isenberg deposition at 30. Above forty-eight hours per week, the mechanics were paid at a "half time" rate. Marburger deposition at 9, 25; Isenberg deposition at 32. There can be no question that the hours worked by these employees fluctuated widely from week to week. The Act and the regulations require more than mere fluctuation, however. They require that the hours fluctuate both above *and below* forty hours a week. *See* 29 C.F.R. § 778.406; *Foremost Dairies Inc. v. Wirtz*, 381 F.2d 653, 660–61 (5th Cir.1967), *cert. denied*, 390 U.S. 946, 88 S.Ct. 1031, 19 L.Ed.2d 1134 (1968).

The record in this case discloses that there is very little fluctuation below forty hours a week for the employees in question. Although I need not determine the exact number of workweeks below forty hours, I can conclude that there is no doubt that the number of such weeks is relatively very small. Each of the seven employees at issue had a number of workweeks during the relevant period in which he worked less than forty hours. The vast majority of these "short" weeks are, however, explained by the fact that the week included a holiday or a vacation day or that the employee performed non-mechanic work during the week. The plaintiff estimates that only two percent of the mechanics' workweeks fell below forty hours. I have examined the employees work records carefully. *See* Exhibit 1 to depositions of Mar-

burger and Isenberg. I have concluded after this review that any fluctuation below forty hours is insignificant.

Defendant has argued, based on a separate breakdown of the hours of the employees, that between three and twenty-two percent of the relevant workweeks were shorter than forty hours. *See* Exhibit three to the depositions of Marburger and Isenberg. The reliance on this breakdown is, however, misplaced. The breakdown lists all weeks in which the work hours are less than forty hours for whatever reason. Thus, it takes no account of holiday and vacation days or weeks in which an employee had non-mechanic hours. The requirements of § 7(f) are not met if the fluctuations below forty hours result from vacations, holidays, illnesses or personal reasons. *Brown Equip.*, 666 F.2d at 154.

I believe that the amount of fluctuation here cannot be considered significant enough to validate defendant's Belo plan. In *Brown Equipment* for example, the Fifth Circuit held that no valid Belo plan existed where the employees' weekly hours were less than forty in only approximately five percent of the total number of weeks. *Id.* at 154. The number of weeks worked under forty hours in this case simply cannot be considered significant enough to allow the employer to utilize the Belo exception.[2]

Defendant has raised the defense of the statute of limitations in response to this motion. Under the FLSA an action is barred unless brought within two years of the date the action accrued unless the actions of the employer were willful. 29 U.S.C. § 255(a). The Fifth Circuit has held that an action is willful when "there is substantial evidence in the record to support a finding that the employer knew or suspected that his actions might violate the FLSA. Stated most simply, we think the test should be: Did the employer know the FLSA was in the picture?" *Coleman v.*

---

**2.** Because I have concluded that defendant's plan did not involve a work situation in which the work weeks of the employees fluctuated both above and below forty hours per week as a

result of nature of the work performed, I need not reach the other substantial grounds asserted by plaintiff in support of its argument that the plan was invalid.

*Jiffy June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir.1972).

■ This standard requires nothing more than that the employer has an awareness of the possible application of the FLSA. *Id.; Castillo v. Givens,* 704 F.2d 181, 193 (5th Cir.1983). "An employer acts willfully and subjects himself to the three year liability if he knows, or has reason to know, that his conduct is *governed* by the FLSA." *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974) (emphasis in original). *See also Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 196 (5th Cir.1983).

■ In the present case, the vice president and general manager of the defendant was aware that the FLSA existed and that it governed overtime systems such as that used for the Richland mechanics. Isenberg deposition at 30–31. Thus, although Isenberg did not state that he thought that the system used was contrary to the provisions of the FLSA, he did state that he knew that the FLSA applied. I believe that this admission is sufficient to satisfy the liberal willfulness requirement under the FLSA. It is clear from Isenberg's statements that he was aware that the FLSA controlled the payment of wages and overtime at Richland. I believe that the inference that he was aware that the FLSA set certain requirements for overtime and wages is inescapable. Moreover, as the plaintiff points out, there are available means through which an employer can ascertain the legality of a particular system before litigation is commenced. Following a wage and hour division opinion regarding a compensation system shields an employer from back wage liability.

The last issue presented in the present motion is the relief sought by the plaintiff. Defendant argues that an injunction enjoining future violations and ordering backpay is not appropriate in this case.

■ Backpay injunctions are intended to serve two broad purposes. The first is to compensate the damaged employees. The second is to correct a continuing offense against the public interest. In the present case, the employees involved have not received the wages due them under the FLSA[3]. It is irrelevant to argue, as Richland does, that the employees got a "fair" wage for which they contracted. The fact remains that the FLSA guarantees that these employees will receive a certain wage for work in excess of forty hours per week. Even if Richland acted in complete good faith in setting up the overtime system for its mechanics, the fact that its employees did not receive the time and one-half due to them under the FLSA would remain the same.

Defendant argues that the equities of the present situation weigh against the issuance of an injunction. Specifically, it argues that the employees involved were paid for weeks in which they worked less than forty hours, were given holiday and vacation days, that one of the employees was paid for fourteen weeks of disability, and that they received bonuses. I view these factors as irrelevant to the present controversy. If there was a violation of the FLSA—and I have so concluded—benefits paid or given to the mechanics, even those given in lieu of the statutorily required wages, are not material. Defendant violated the FLSA, whether it envisioned the other payments as part of the total compensation package to its employees does not change the fact that the mechanics were not given the time and one-half for overtime work mandated by the FLSA in the absence of a valid Belo plan.

## JUDGMENT

In accordance with the Court's Order granting summary judgment, it is ORDERED, ADJUDGED, AND DECREED that defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2) and

---

**3.** Under section 16(b) of the FLSA, the employee's right to sue for backwages is extinguished once the Secretary of Labor has brought a suit for an injunction.

15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. § 201, *et seq.*,), hereinafter called the Act, in any of the following manners:

(1). Defendant shall not, contrary to Section 7 of the Act, employ any of its employees in any workweek who are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2). Defendant shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by it, as prescribed by the Regulations issued pursuant to Sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

Further, the Court finding, that back-wage compensation is due certain employees in the amount of $11,084.26 plus interest at the adjusted prime rate for each employee from the time such amounts became due, it is:

ORDERED, ADJUDGED, AND DECREED that the defendant is restrained from withholding the payment of the aforesaid back-wage compensation to its employees and is directed to make payment of the said compensation as hereafter specified.

The provisions of this order relative to backwage payments shall be deemed satisfied when defendant delivers to plaintiff's representatives a certified check in the amount of $11,084.26 plus interest. Neither defendant nor any one on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as backwages under this Judgment. Plaintiff shall distribute the proceeds of the check to the employees involved, or to their estates, if that is necessary, and any sums not distributed to the employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of the Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§ 2041 and 2042.

It is FURTHER ORDERED, ADJUDGED, AND DECREED that the costs of this action shall be taxed against defendant and plaintiff shall bear no portion of defendant's costs.