Lilliam ACOSTA COLON,
et al., Plaintiffs,

v.

WYETH PHARMACEUTICALS
COMPANY, Defendants.

CIVIL NO. 03–2327 (DRD).

United States District Court,
D. Puerto Rico.

March 23, 2005.

Maria J. Marchand–Sanchez, Ferraiuoli–Torres & Marchand, San Juan, PR, for Plaintiffs.

Maggie Correa–Aviles, McConnell Valdes, San Juan, PR, for Defendant.

## *OPINION AND ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is defendant, Wyeth Pharmaceuticals Company's ("de-

fendant") *Motion to Dismiss.* (Docket No. 10). For the reasons stated below, defendant's request to dismiss is **DENIED.**

## I. PROCEDURAL BACKGROUND

On December 10, 2003, plaintiffs presented a claim for unpaid wages under the Fair Labor Standard Act ("FLSA"), as amended, 29 U.S.C.A § 201. (Docket No. 1). Plaintiffs, a group of employees and ex-employees of Whyeth Pharmaceuticals Company Inc., allege that, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), defendant owed them unpaid wages for time spent dressing "pre shift" and undressing "post shift" into and out off their working uniforms when remaining within the production area. The clothing included hair covers, beard covers, dust masks, long sleeved uniforms, slacks, long lab coats, pant suits, gloves, safety shoes, eye protection equipment, and coveralls, among others.

On March 4, 2004, Wyeth Pharmaceutical Company, Inc. filed a motion to dismiss alleging this Court's lack of jurisdiction over a group of 14 plaintiffs. Defendant avers that these 14 plaintiffs filed the complaint more than two years after they were separated from employment. Thus, the claims brought forth by this group of plaintiffs are time barred. They further argue that, under that provided by 29 U.S.C.A. § 255, any type of action for un-

paid minimum wages, unpaid overtime, or liquidated damages under FLSA may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless it is commenced within two years after the cause of action accrued.[1] The only exception to the two year statute of limitations the FLSA makes is if the cause of action arose out of a willful violation. If that were the case, then, the action may be commenced within three years after the cause of action accrued. Defendant contends that plaintiffs did not present any specific fact or allegation in the complaint in order to prove or establish their alleged willful violation of the FLSA. Consequently, the two year statute of limitations is the only one applicable to the facts alleged in the complaint, and the instant claims against it brought forth by the aforementioned group of plaintiffs must be dismissed given that they are time barred.

On March 30, 2004, plaintiffs filed their opposition to the motion to dismiss arguing, first and foremost, that their general allegation as to willfulness suffices the general rules of pleadings as established by Fed.R.Civ.P. 8. Moreover, they propose that the issue of whether an employer willfully violated the FLSA requires a factual determination that must be made by the trier of facts. Hence, it is the jury who must determine whether defendant willfully violated the FLSA and, subse-

---

**1.** In its reply to motion to dismiss Defendant provided the Court with Confidential Notices of Employee Separations. These fourteen notices of employment separation state why each of the 14 plaintiffs were dismissed. Emma Colon Rodriguez was released for exceeding 6 month medical leave; Gladys Cora released for exceeding 6 month medical leave; Isabel De Leon Rivera retired; Gladys Gierbolini retired; Ramon Lantigua Balbuena for exceeding 6 month Medical Leave; Juan R. Martinez retired; Elizabeth Ortiz Velazquez for exceeding 6 month Medical

Leave; Carmen N. Rivera Urrutia for disability retirement; Cynthia Rosario Polanco for retirement; Luis G Candelario for retirement; Susana Cora–Santiago for exceeding 6 month medical leave; Tomas Diaz Rodriguez for Rule Violation (Other than Absenteeism or tardiness); Ernesto Marrero for absenteeism and tardiness; Hector Yera–Ortiz exceeding 6 month medical leave. After providing the information for the separation of employment it also provide the date of separation from employment which concurred with the ones stated in the Motion to Dismiss.

quently, whether the two or three year statute of limitation is applicable as to each plaintiff. (Docket No. 14). On April 28 2004, defendant replied to plaintiffs' opposition alleging that, among others, the lack of uniform and clear reported decisions as to the compensability of gowning and/or donning and doffing of working clothes demonstrates that Wyeth did not have knowledge and could not have knowledge as to if its actions violated the FLSA.[2] Also, defendant argues the issue of willfulness need not be tried by the jury given that both this District Court and the First Circuit Court of Appeals have summarily disposed of the willfulness issue before being presented to the jury. (Docket No. 21). On October 4, 2004, plaintiffs filed a sur-reply to defendant's reply to the opposition wherein plaintiffs adopted the arguments it had already raised in their opposition. (Docket No. 40).

## II. MOTION TO DISMISS STANDARD

"[I]t is well established that affirmative defenses [such as time prescription] may be raised in a motion to dismiss in an action for failure to state a claim". *Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir.2001); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir.1998)("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".); *Aldahonda-Rivera v. Parke Davis and Company*, 882

F.2d 590, 592 (1st Cir.1989)("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss"). In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is time-barred. *See, Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991); *Kali Seafood Inc. v. Howe Corp.*, 887 F.2d 7, 9 (1st Cir.1989). *See also Estate of Alicano-Ayala v. Philip Morris, Inc.*, 263 F.Supp.2d 311, 315 (D.Puerto Rico 2003).

## III. APPLICABLE LAW

Under the FLSA, all employers are required to pay time and a half for each hour in excess of forty hours that an employee works. 29 U.S.C. § 207. Accordingly, Section 16(b) of the FLSA allows any employee. to, in order to vindicate his or her rights, bring an action on behalf of him or herself and other similarly situated employees. 29 U.S.C. § 216(b). Section 16(b) is itself modified by the Portal-to-Portal Act of 1947, 29 U.S.C. § 251-62. Section 6 of the Portal-to-Portal Act, in turn, provides that any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the FLSA "may be commenced within two years after the cause of the action accrued, except that a cause of action aris-

2. Defendant proposes that "where, as here, legitimate disagreement may exist with respect to application of the FLSA to a specific set of facts, a court should be reluctant to find a knowing violation of the FLSA." *Tum v. Barber Foods, Inc.*, No. 00-371-P-C, 2002 WL 47899, 2002 U.S. Dist. LEXIS 1064 (D.Me. Jan. 11, 2002), *aff'd at* 331 F.3d 1 (1st Cir. 2003), *reaff'd at* 360 F.3d 668 (1st Cir.1998). Consequently, defendant sustains that no will-ful violation could have occurred where no reported decision was available that the employer's action constituted a violation of the FLSA. (*citing Thomas v. County of Fairfax*, 758 F.Supp. 353, 367 (E.D.Va.1991) ("since there apparently is no reported decision dealing with cyclical payment structure like that at issue here, the [employer] could not have actual knowledge that its policy constituted a violation.")).

ing out of the willful violation may be commenced within three years after the cause accrued." 29 U.S.C. § 255.[3]

■ As the Supreme Court of the United States has said before, "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). Consequently, even though for many years, the prevailing test for "willfulness" under the FLSA was whether the employer knew or had reason to know that the FLSA was applicable to its employment practices,[4] the Supreme Court opted to reject this so-called *Jiffy June* standard [5] on grounds that it was excessively broad and blurred any distinc-tion between willful and non-willful violations. *See Richland Shoe Co.*, 486 U.S. at 131, 108 S.Ct. 1677, *supra; Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); *Maldonado v. Administracion de Correccion (Div. Instituciones Penales)*, No. 90–2186(JP), 1993 WL 269654, *2–3, 1993 U.S. Dist. LEXIS 9577, at *6–7 (D.P.R. Feb. 5, 1993). Recent jurisprudence has rejected the application of the *Jiffy June* standard to considerations of the appropriate statute of limitations for willful violations of the FLSA adopting the *Thurston* standard which concludes that an employers' "violation of the Act [is] 'willful' if 'the employer … knew or showed reckless [6] disregard for the matter of whether its conduct was prohibited by the [statute]' "—if his actions were voluntary, deliberate, and/or intentional.[7] *Thurston*, 469 U.S. at 128, 105

---

3. When the FLSA was created back in 1938, it did not provide a statute of limitations for civil actions brought to enforce its provisions. During the following decade, these actions were, in turn, governed by state statute of limitations. It was then in 1947 that Congress, as part of its response to the Supreme Court's expansive view of the FLSA, enacted a two year limitations period for actions arising from its provisions. However, it was not until 1966 that an additional one-year period was enacted by Congress, but only for willful violations of the provisions of the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *Maldonado v. Administracion de Correccion (Div. Instituciones Penales)*, No. 90–2186(JP), 1993 WL 269654, at *2, 1993 U.S. Dist. LEXIS 9577, at *5 (D.P.R. Feb. 5, 1993).

4. This standard was adopted by the First Circuit Court of Appeals in cases such as *Marshall v. Erin Food Services, Inc.*, 672 F.2d 229, 231 (1st Cir.1982).

5. The standard receives its name from the Fifth Circuit Court of Appeals decision in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir.), *cert. denied*, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972), where the Court established that an action is willful when "there is substantial evidence in the record to support a finding that the employer knew or suspected that his actions might violate the FLSA. Stated most simply, we think the test should be: Did the employer know the FLSA was in the picture?"

6. "Recklessness involves more than mere awareness of a governing federal law, or negligence in complying with it, yet the conduct need not rise to the level of 'voluntary,' 'deliberate,' or 'intentional' conduct." *Legoff v. Trustees of Boston Univ.*, 23 F.Supp.2d 120, 125 (D.Mass.1998) (*citing McLaughlin*, 486 U.S. at 134–35, 108 S.Ct. 1677). *See also, Andover Newton Theological School, Inc. v. Continental Cas. Co.*, 930 F.2d 89, 91 (1st Cir.1991); *Cheng v. IDEAssociates, Inc.* No. 96–11718–PBS, 2000 WL 1029219, *8, 2000 U.S. Dist. LEXIS 1057, *22 (D.Mass. July 6, 2000); *EEOC v. McCarthy*, 578 F.Supp. 45, 49 (D.Mass.1983).

7. Issues of motive and intent are usually not appropriate when in summary judgment for these are questions better suited to be resolved by the trier of facts. *See Pullman–Standard v. Swint*, 456 U.S. 273, 288–90, 102 S.Ct. 1781, 1790–91, 72 L.Ed.2d 66 (1982); *Lipsett v. University of P.R.*, 864 F.2d 881, 895

S.Ct. 613. *See also Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 679 (1st Cir.1998) (holding that "[a]n employer acts willfully for the purpose of the FLSA's statute of limitations if it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."). Moreover, this same standard has been adopted and proliferated by First Circuit and member Districts' case law. *See Tum v. Barber Foods, Inc.,* No. 00–371–P–C, 2002 WL 89399, 2002 U.S. Dist. LEXIS 1064 (D.Me. Jan. 23, 2002) *aff'd,* 331 F.3d 1 (1st Cir.2003); *Baystate Alternative Staffing, Inc.,* 163 F.3d at 679, *supra.*

 Finally, applying the *Thurston* standard as the Supreme Court directs in *Richland Shoe Co.,* that a violation of the FLSA is willful where there is evidence establishing that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited. Furthermore, the issue of whether the employer willfully violated the FLSA requires a factual determination that must be made by the trier of fact. That is, the inquiry is necessarily fact-driven and context specific. *See Luckacinsky v. Panasonic Serv. Co.,* No. 03–40141–FDS, 2004 U.S. Dist. LEXIS25846 (D.Mass. Nov. 29, 2004); *Maldonado,* 1993 WL 269654, at *4, 1993 U.S. Dist. LEXIS 9577, at *11; *Lott v. Rigby,* 746 F.Supp. 1084, 1089–90 n. 7 (N.D.Ga.1990). Furthermore, in order to establish whether the employer's acts were willful, the fact finder will weigh the following:

[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful [ ] under [the *Thurston*] standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its actions would be considered willful under petitioner's test [a mid-point between the *Jiffy June* standard and the *Thurston* standard], it should not be construed so under *Thurston* or the identical standard we approve today.

*McLaughlin,* 486 U.S. at 135 n. 13, 108 S.Ct. at 1682 n. 13. *See also, Hillstrom v. Best Western TLC Hotel,* 354 F.3d 27, 33 (1st Cir.2003).

The First Circuit recently articulated the *Thurston* standard for finding a willful violation of the FLSA. *Id.* Accordingly, the First Circuit has recognized two separate, yet interdependent, components implicit in the standard. They have held that a plaintiff in such a case must proffer evidence that, firstly, the defendant employer had actual knowledge of, or showed reckless disregard for, that required under the Act, and, secondly, the employer intentionally disobeyed or ignored the law. *See Biggins v. Hazen Paper Co.,* 953 F.2d 1405, 1415 (1st Cir.1992) (affirming jury instructions as to willfulness standard) *rev'd on other grounds,* 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); *Luckacinsky,* 2004 U.S. Dist. LEXIS 25846 at *19–20; *Maldonado,* 1993 WL 269654 at *4, 1993 U.S. Dist. LEXIS 9577 at *11. Consequently, an employer could very well violate the FLSA without appreciating the actual le-

(1st Cir.1988); *Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir.2000); *Stoutt v. Banco Popular de P.R.,* 158 F.Supp.2d 167, 172 (D.P.R.2001). Notwithstanding, the Court does not discard brevis disposition given that "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropri- ate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb,* 95 F.3d 86, 95 (1st Cir.1996) *citing Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993). The word "willful" invariably suggests matters of motive and intent.

gality of the Act. Likewise, as stated above, if the employer acted reasonably when determining its legal obligations pursuant to the FLSA, or acts unreasonably, but not recklessly, its actions can never by considered willful. *See Sanchez v. Puerto Rico Oil Co.,* 37 F.3d 712, 721–22 (1st Cir.1994) (finding willful conduct where there is deliberate indifference to legal requirements, but not when there is good faith and only negligent conduct.).

## IV. ANALYSIS

◼ It is the Court's contention that to make a factual finding regarding whether defendant's actions were willful is inappropriate at a motion to dismiss stage in the proceedings. More so when a recent leading case law in this Circuit, citing, in turn, 1956 Supreme Court case law, has established that the tasks of donning and doffing of **required** gear is an integral and indispensable part of employees' principal activities for their particular job and, therefore, compensable. *See Tum v. Barber Foods, Inc.,* 360 F.3d 274 (1st Cir.2004) *cert. granted in part,* —— U.S. ——, 125 S.Ct. 1295, 161 L.Ed.2d 104 (2005) (*citing Steiner v. Mitchell,* 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956); *Mitchell v. King Packing Co.,* 350 U.S. 260, 76 S.Ct. 337, 100 L.Ed. 282 (1956)).[8]

Plaintiffs' are correct in asserting that the determination of their employer's willfulness, or lack thereof, in order to apply

the exception to the two year statute of limitation is a question for the trier of fact to decide. *See Melendez–Arroyo v. Cutler–Hammer Inc.,* 273 F.3d 30 (1st Cir. 2001); *Pabst v. Oklahoma Gas,* 228 F.3d 1128 (10th Cir.2000); *Soto v. McLean,* 20 F.Supp.2d 901 (E.D.N.C.1998) (All holding that, whether alleged FLSA violations were non-willful so as to be governed by two year limitations period, or willful so as to be subject to a three year limitation period, was in fact a question for the jury.); *Fowler v. Land Management Groupe Inc.,* 978 F.2d 158 (4th Cir.1992) (overturning the district court of Virginia for having determined the issue of willfulness without submitting it to the jury, the Fourth Circuit Court of Appeals stated "[t]hat there is no reason that the issue of willfulness should be treated any differently from other factual determination relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Boyer v. Madisonville,* No. 92–2693 Section "A", 1993 WL 69114, 1993 U.S. Dist. LEXIS 1616 (E.D.La. Feb. 4, 1993) (agreeing with "plaintiff's assessment that a determination of 'willfulness', or the lack thereof, is not susceptible of summary determination, and is thus, not properly resolved by summary judgment. As to the issue of compensable time the same can be said.").

◼ Consequently, even if this Court were certain that Plaintiffs could not prove

---

**8.** It is unquestionable that the FLSA requires all employers to record, credit, and compensate employees for all of time they are required to or permitted to work when this "work" is controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. *See Steiner,* 350 U.S. at 256, 76 S.Ct. 330; *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944); *Tum,* 360 F.3d at 279. It is equally true that, even when an activity is properly classified as "work", the

Portal–to–Portal Act, *supra,* exempts employers from compensating activities which are preliminary or postliminary to an employee's principal activity or activities. Notwithstanding, the Portal–to–Portal Act does make an exception obligating employers to compensate all preliminary and postliminary activities that are an integral and indispensable part of the principal activities for which covered workers are employed and not specifically excluded by Section 4(a)(1) of the Portal–to–Portal Act. *See Tum, Id.*

the willful acts of their employer and, thus, no relief existed that this Court could grant, the issue of their employer's acts being willful must still be left for the trier of facts to decide once it is determined whether the gowning, doffing and donning subject of the instant case is, in fact, compensable. Accordingly, at a motion to dismiss stage in the proceeding, this finding of fact is untenable. Finally, as stated above, at this stage in the proceedings, dismissal can only be granted if the pleader's allegations leave no doubt that the asserted claims are, in fact, time barred. After studying the allegations presented in the instant case, it is evident that dismissal cannot be granted due to plaintiffs' sufficient allegation regarding defendant's conduct as willful which, in turn, triggers the applicability, albeit temporarily, of the three-year statute of limitations.[9]

## V. CONCLUSION

Wherefore, Defendant's *Motion to Dismiss* (Docket No. 10) as to a group of 14 Plaintiffs is hereby **DENIED.**

**IT IS SO ORDERED.**

---

9. The Court notes that allegation 3.9 of the Complaint (Docket No. 1) squarely makes an allegation of **willfulness**—"[a]t all times to this action, Wyeth willfully violated the FLSA by permitting and/or requiring employees to perform [...]". At a motion to dismiss standard, the motion must be dismissed. *See Calderon–Ortiz v. Laboy–Alvarado,* 300 F.3d 60, 63 (1st Cir.2002) *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("if the facts contained in the complaint, reviewed in this favorable light, justify a recovery under any applicable theory" any order of dismissal must be set aside.) This is because "all well plead factual averments [must be accepted by the Court] and indulge all reasonable inferences in plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).