**Colombo A. SPAGNUOLO, Appellee,**

v.

**WHIRLPOOL CORPORATION,**
**Appellant.**

No. 80–1035.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1980.

Decided Feb. 26, 1981.

Jeffrey K. Ross, Chicago, Ill. (Charles J. Griffin, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Weinstein, Sturges, Odom, Bigger, Jonas & Campbell, Charlotte, N. C., on brief), for appellant.

Samuel M. Millette, Ernest S. DeLaney, III, Charlotte, N. C. (DeLaney, Millette, DeArmon & McKnight, P. A., Charlotte, N. C., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and ERVIN, Circuit Judge.

WINTER, Circuit Judge:

In a suit against his former employer, Whirlpool Corporation (Whirlpool), asserting a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, Colombo A. Spagnuolo obtained a jury verdict establishing that he had willfully been discriminated against in employment because of his age and that he had suffered damages in the amount of $51,977. On the verdict and its additional findings, the district court gave judgment for the damages assessed by the jury, an additional amount of $51,977 as liquidated damages, attorneys fees of $60,000, costs, reinstatement, and pre- and post-judgment interest. Whirlpool appeals. We affirm except as to the item of pre-judgment interest.

## I.

After almost twenty-four years of employment, plaintiff, when he was one month short of his fifty-third birthday, was demoted from his position as Manager of the Builder Department of the Charlotte Sales Division and assigned as Territory Manager of the Greensboro-Durham territory. When demoted, plaintiff sought but was denied the position of Territory Manager of the Charlotte territory. The demotion, which was to a position that plaintiff had formerly supervised, occurred on November 9, 1977, ostensibly because Whirlpool decided to combine the duties of Builder Sales Manager and that of Heating and Cooling Sales Manager. Plaintiff's duties were assumed by the Charlotte Heating and Cooling Sales Manager, a man forty-years old. Plaintiff immediately began working in the lesser position, but on January 4, 1978 he submitted a letter of resignation and accepted employment in an equivalent salesman position for one of Whirlpool's competitors.

We need not state further facts except with respect to some of the contentions to which they relate. It suffices to say that if submitted to the jury under legally correct instructions, the conflicting evidence amply permitted the jury to return its verdict finding liability on the part of Whirlpool under the Act and finding that plaintiff had sustained actual damages of $51,977. We turn therefore to the legal issues.

## II.

Whirlpool's first argument for reversal is directed at the district court's instructions to the jury regarding what factual determination it was required to make to justify a verdict that Whirlpool had violated the Act. Specifically, Whirlpool contends that the jury should have been instructed that plaintiff's age must have been *the* determinative factor in Whirlpool's decision to demote him in order for the jury to find a violation of the Act.

Whirlpool's argument is foreclosed by our decision in *Smith v. Flax*, 618 F.2d 1062, 1066 (4 Cir. 1980). There, in prescribing the standard of causation that must be met to show a violation of the Act,

we said that a plaintiff is required "to show that age was *a* determining factor in his discharge." (emphasis added) The phrase was derived from *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1 Cir. 1979), and other language in that opinion defines what is meant. There it was said that for an employee to recover under the Act it is not enough that he show merely that his age was a factor that affected the decision to discharge him. Rather, he must show that "but for" his employer's motive to discriminate against him because of his age, he would not have been discharged. *Id.* at 1019. It is in this sense that we, too, use the phrase "a determining factor." The only question then is whether the district court's instructions embodied the standard as articulated in *Smith.* Taken as a whole, we think that they did.[1] There was on this point no error.

### III.

■ Nor do we think that there was error in the district court's refusal to instruct the jury that it must find that the Act was

not violated if it found that Whirlpool merely articulated or stated a legitimate nondiscriminatory reason or explanation for plaintiff's demotion, unless it also found that the reason or explanation was mere pretext. Whirlpool's argument is based upon its reading of *Sweeney v. Board of Trustees of Keene State College*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). It reads *Sweeney* as holding that the mere articulation of a legitimate nondiscriminatory reason is sufficient for the employer to be entitled to judgment. We, however, read *Sweeney* to hold that the articulation of a legitimate nondiscriminatory reason is sufficient to insulate an employer from a directed verdict against it, *i. e.*, it dispels the adverse inference from a plaintiff's prima facie case. The jury in its consideration of all of the evidence may still find that the wrong occurred in the manner established by plaintiff.

■ Moreover, in this case, plaintiff did not rely on statistical data or any other

1. Indeed, two portions of the district court's charge were specific on the issue. First, the jury was told:

This is not a class action. We're not engaged in any deep inquiry into all the Whirlpool operations. It's simply a question inquiring into the question of whether this particular person was demoted and forced out of the job or forced out of his job through conduct which violated the Age Act.

Now, you will remember that if the decision to treat Mr. Spagnuolo in a different fashion was based upon legitimate business reasons rather than upon age, the plaintiff is not entitled to recover, and the burden is upon the plaintiff to satisfy you that there was, that age was considered. The existence of a legitimate business reason or many legitimate business reasons, if you find there were such reasons, does not answer the question. If age played any significant part in the decision, then the plaintiff would be entitled to recover. Age has to be what we call a but for element in the decision. It's not the only element, not the only major element but, in order for the plaintiff to recover, age must be either the basis of the decision or one of the things which played a significant part in arriving at the decision. It has to be a producing cause. It has to be one of the factors which brought about the decision, one of the factors without which he would not have been demoted. It need not be the only cause, and he's not entitled to recover unless age was one of the elements which played a signifi-

cant part in the decision to downgrade him in his work.

The jury was also given supplemental instructions after counsel registered objections to the initial instructions. Thus, immediately before retiring, the jury was told:

A couple of partly repetitious instructions. The plaintiff says that age was a producing cause, one of the principal reasons for his discharge. The defendant denies that age played a part in the decision. The defendant also advances evidence of business reasons for the decision. Now, the defendant has no burden to prove anything, so the burden of proving a business reason is not, you don't have to decide whether the defendant has proved that business reasons exist. The only question you have to decide is whether the plaintiff has satisfied you that age was the, was a principal or a producing cause for his demotion; and if you find there were valid business reasons and also that age played a part, the plaintiff would be entitled to a finding in his favor. The point I'm making is that the defendant has no burden to prove anything. The fact that the defendant may have satisfied you that there were valid business reasons doesn't end your inquiry. You've still got to make a finding as to whether the plaintiff has satisfied you that age played a producing part or was one of the but for causes of the decision.

kind of inferential proof of discriminatory motive. This is therefore not the type of case contemplated by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), from which the requested instruction was obviously drawn. Plaintiff produced direct evidence of the purpose and conduct of Whirlpool, demonstrating discrimination against him and others because of age, that the jury clearly found persuasive. The reliance on direct evidence instead of inferences obviated any need for an independent showing that Whirlpool's asserted justifications were "pretextual." *See Loeb v. Textron, Inc.*, 600 F.2d 1003, 1017–18 (1 Cir. 1979).[2]

■ Our decision in this regard also answers Whirlpool's argument that the district court improperly excluded evidence to support Whirlpool's business justification for plaintiff's demotion. As we read the record, Whirlpool amply proved its asserted reasons for consolidating two of its sales divisions and appointing someone other than plaintiff to head them. The excluded evidence merely derogates plaintiff's achievements with Whirlpool. At best the evidence is cumulative so that its exclusion constitutes no reversible error.

## IV.

■ The jury found that Whirlpool's violation of the Act was "willful" and this finding was essential to the district court's assessment of liquidated damages in an amount equal to plaintiff's actual losses as found by the jury. In essence, the jury was told that Whirlpool's violation was willful if the jury found that "the demotion or transfer of the plaintiff was knowingly and intentionally done by the Whirlpool Corporation with the knowledge that the Age Discrimination Act applied" and that the actions taken were not "accidental, or mistaken, or unknowing, or [taken] for some innocent reason . . ." Whirlpool argues that it was entitled to an instruction that "Whirlpool must have known that its actions would violate the law" for its conduct to have been "willful."

The instruction given by the district court was in accord with the construction placed upon the meaning of "willful" applied in the enforcement of the Fair Labor Standards Act as amended by the Portal-to-Portal Pay Act, 29 U.S.C. §§ 216, 260 (1976). The liquidated damages provision of the Age Discrimination in Employment Act derives the concept of willfulness from these analogous provisions of the FLSA. We think an instruction as to "willful" guided by experience under the Fair Labor Standards Act is the appropriate one under the legislation which concerns us here. *Brennan v. Heard*, 491 F.2d 1, 3 (5 Cir. 1974), accurately describes what is required to show willfulness:

**2.** *Loeb* discusses *McDonnell Douglas* with respect to three types of cases: (1) the "classic" or "pure" *McDonnell Douglas* case, (2) a case where plaintiff relies on direct evidence of discrimination, and (3) a case in which *McDonnell Douglas* elements are a significant part, but not all, of plaintiff's total evidence. This case does not fall into the first category; plaintiff did not rely on the classic *McDonnell Douglas* proof. Neither, as the dissent suggests, is it in the third category, "one in which proof of the *McDonnell Douglas* elements is a significant part of the plaintiff's total evidence, but where there is also other evidence, direct or circumstantial, that might support an inference of discrimination." *Loeb*, 600 F.2d at 1018–19. In this case, the plaintiff demonstrated not an inference but rather the fact of age discrimination; it is the second type of case described in *Loeb*. Accordingly, it "simply does not fit the mold of the *McDonnell Douglas* formula" because the plaintiff "relie[d] chiefly upon direct evidence of discriminatory motive." *Loeb*, 600 F.2d at 1018. We agree with the Court of Appeals for the First Circuit that the trial court "should not force a case into a *McDonnell Douglas* format if to do so will merely divert the jury from the real issues." We think the district court here instructed the jury as the *Loeb* opinion suggests, namely, that "the best charge may simply be one that emphasizes that plaintiff must prove, by a preponderance of the evidence, that he was discharged because of his age—with adequate explanation of the meaning of the age statute, the determinative role age must have played, etc." *Id. See also*, n.1, *supra. Smith v. Flax*, also cited by the dissent, does not mandate strict adherence to the *McDonnell Douglas* format, because it involved precisely the third type of case discussed in *Loeb*, mistakenly characterized by the dissent as the case before us.

Defendants contend that in order for a violation of the FLSA to be willful, the employer must have proceeded with knowledge that his actions were contrary to the requirements of the Act. This statutory interpretation cannot withstand the decisions of this Court in *Coleman v. Jiffy June Farms, Inc.,* 5 Cir. 1972, 458 F.2d 1139, and *Brennan v. J. M. Fields, Inc.,* 5 Cir. 1973, 488 F.2d 443. Those cases establish that neither a good faith belief in the lawfulness of his wage and overtime regulations nor complete ignorance of their invalidity shields the employer from the additional year of liability. Such nescience and naivete are not determinative on the question of willfulness under this Act. An employer acts willfully and subjects himself to the three year liability provision if he knows, or has reason to know, that his conduct is *governed by* the Fair Labor Standards Act.

Thus, we think that the district court's instruction here was proper. Certainly the evidence supported the jury's finding. In addition to the direct evidence that plaintiff's age was an operative factor in his demotion, Whirlpool admitted that it was aware of the Act when plaintiff was demoted.

### V.

Whirlpool contends that the district court should have instructed the jury that plaintiff could recover loss of salary only if it found that he had been "constructively discharged" by Whirlpool. Its theory is that when plaintiff resigned from his position at Whirlpool and went to work for one of its competitors, the termination of his employment was voluntary, and plaintiff had no claim to lost wages unless he proved that Whirlpool deliberately made his job as Greensboro Territory Manager so intolerable that he was forced to quit.

Although the district court declined to give the requested "constructive discharge" instruction, it did instruct the jury about plaintiff's duty to mitigate damages and in that connection told the jury that it must decide whether, as part of that duty, plaintiff should have stayed with Whirlpool, taken the job with Whirlpool's competitor, or sought another job elsewhere.

We think that on the facts of this case, there was no reversible error in the district court's instructions to the jury. Prior to his demotion, plaintiff was compensated at the rate of $2285 per month plus a yearly bonus which for 1977 was $8,000. In the position to which he was demoted, plaintiff was paid $900 per month plus commission, with expenses in the maximum amount of $350 per month for only six months of the year and without any bonus. Whirlpool's competitor from which plaintiff accepted employment compensated him at the rate of $1,200 per month, plus commission and an automobile with all expenses. Thus, consistent with his obligation to mitigate damages, plaintiff sought and obtained a better-paying job. Plaintiff did not resign from Whirlpool and accept employment paying him lesser compensation. There was therefore no factual basis on which to submit the concept of constructive discharge to the jury.

### VI.

Plaintiff does not respond in his brief to Whirlpool's contention that having been awarded liquidated damages, plaintiff is not entitled to prejudgment interest. We think that plaintiff may not recover both.

Under the Fair Labor Standards Act, it has been held that the recovery of prejudgment interest is precluded by the statutory authorization for liquidated damages. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1945); *Masters v. Maryland Management Co.,* 493 F.2d 1329, 1334 (4 Cir. 1974). We agree that the same rule should apply when liquidated damages under the Age Discrimination in Employment Act are allowed. On remand, the district court will therefore reduce the judgment to remove any recovery for prejudgment interest.

### VII.

Whirlpool vigorously attacks the equitable relief of reinstatement granted by the

district court. It posits that plaintiff lacks the qualifications for the new position that was created by combining two managerships and that the animosities and tensions between the parties make reinstatement infeasible. We, however, do not disturb this aspect of the district court's judgment.

We recognize, of course, that reinstatement particularly at the level of an executive position may be entirely inappropriate where the evidence reflects hostility between the parties and the position involved demands a high degree of cooperation. *See EEOC v. Kallir, Philips, Ross, Inc.*, 420 F.Supp. 919 (S.D.N.Y.1976), *aff'd* 559 F.2d 1203 (2 Cir.), *cert. denied*, 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). But as we read the record, aside from the fact of this litigation, Whirlpool has neither demonstrated plaintiff's lack of qualifications nor has it made any showing that feelings are so high and tensions so exacerbated that the parties can no longer work together even with the high degree of cooperative effort that plaintiff's former and prospective position requires. With the substantial evidence of the esteem in which plaintiff was held prior to his demotion, we cannot presume that the litigation of this suit which, incidentally, tended to show that Whirlpool proceeded against plaintiff and others solely because of age and not as a result of any other personal characteristic, so destroyed the mutual confidence of the parties in one another as to obviate the possibility of any future harmonious and fruitful association. We therefore think it premature to abandon the remedy of reinstatement. The remedy is an equitable one, and an equitable decree is subject to revision upon application and for good cause shown when there is a material change in conditions. Rule 60(b)(5), F.R.Civ.P. Should the district court ever find it necessary to revise this portion of its judgment, it may then consider granting substitute equitable relief.

## VI.

Finally, Whirlpool contends that the district court's allowance of counsel fees was excessive. We think that the district court properly applied the criteria in *Walston v. School Board of Suffolk*, 566 F.2d 1201, 1204–05 (4 Cir. 1977) in fixing fees, and we do not fault the quality of proof upon which it relied or the completeness of its findings.

On remand, plaintiff's counsel will be entitled to an additional allowance for their services on appeal since we affirm in major part the district court's judgment.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

FIELD, Senior Circuit Judge, dissenting:

This case, which I fear is one of the first of many, portends serious problems for employers in this circuit for, to me, the caveat is clear that any management reorganization which adversely affects an employee within the age bracket of forty to seventy years will expose the employer to a costly and disruptive law suit. In my opinion, legitimate and non-discriminatory personnel decisions can be protected in such a case only by adherence to the orderly presentation of proof and even-handed instructions to the jury, bearing in mind that the ADEA proscribes only those personnel decisions in which age is the determinative factor.

I agree with the majority that the format of proof of *McDonnell Douglas* should not be applied inflexibly to a case tried to a jury such as the one before us, but I have serious reservations concerning the observation that "[t]he reliance on direct evidence instead of inferences obviated any need for an independent showing that Whirlpool's asserted justifications were 'pretextual'". Ante, 1113. While the production of direct evidence might relieve the plaintiff of the necessity of proving each of the elements of a *McDonnell Douglas* prima facie case, it does not justify a complete departure from the sensible and orderly presentation of evidence under that case. We recognized the desireability of such a pattern in *Smith v. Flax*, 618 F.2d 1062 (4th Cir. 1980), when we observed:

[A] prima facie showing is rebutted if the employer shows a legitimate non-discriminatory reason for the employee's discharge. *Board of Trustees v. Sweeney*, 439 U.S. 24, 25 n. 2, 99 S.Ct. 295, 296 n. 2 (1978); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). After the employer has come forward with such evidence, the ultimate burden of persuasion remains upon the plaintiff to show that age was a determining factor in his discharge. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1011–12 (1st Cir. 1979); *Marshall v. Airpax Elec., Inc.*, 595 F.2d 1043, 1044 (5th Cir. 1979); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (Footnote omitted).

My examination of the record in the present case indicates that the district court's failure to follow the basic format of proof under *McDonnell Douglas* made it extremely difficult for the jury to intelligently appraise the evidence in the light of the issues before it.

In a case such as this I think we would be well advised to heed the admonitions of Judge Campbell in his thorough and perceptive opinion in *Loeb v. Textron*, 600 F.2d 1003, 1019 (1st Cir. 1979):

At least until the Supreme Court further clarifies when proof along the lines of the prima facie case in *McDonnell Douglas* is required, we would suggest that, unless the parties themselves agree otherwise, the court depart only cautiously from the general *McDonnell Douglas* framework in this third type of case.

Whatever the role of *McDonnell Douglas* in the particular case, we strongly encourage the court to go beyond the bare outlines of the issues mentioned here, and to provide the jury with a helpful and meaningful explanation of the relevance of the evidence introduced and of the interests of the parties. It would be useful to discuss the policies of the Age Discrimination Act and the plaintiff's rights thereunder, as the court did here to some extent. *The court should also, especially when a management level job is involved, explain that an employer is entitled to make its own subjective business judgments, however misguided they may appear to the jury, and to fire an employee for any reason that is not discriminatory.* (Emphasis added.)

Finally, I cannot agree with the majority that the district court's instructions properly embodied the standard of causation articulated in *Loeb v. Textron, supra*, and which was applied by us in *Smith v. Flax, supra*. In *Loeb*, the court stated:

we do think, however, that the court should have instructed the jury that for plaintiff to prevail he had to prove by a preponderance of the evidence that his age was the *"determining factor" in his discharge in the sense that, "but for" his employer's motive to discriminate against him because of age, he would not have been discharged.* (Emphasis added.)

600 F.2d at 1019.

A reading of the charge in the present case indicates to me that the jury was permitted to return a verdict against Whirlpool merely upon its finding that the plaintiff's age was "a factor" in his demotion.

For these reasons, I would reverse the judgment and remand this case for a new trial.