**Mrs. Richard P. CHACE, Executrix of the Estate of Mr. Richard P. Chace, et al.**

v.

**CHAMPION SPARK PLUG COMPANY.**

**Civ. No. PN–88–95.**

United States District Court, D. Maryland.

Nov. 6, 1989.

Robert B. Fitzpatrick, Mark D. Laponsky, David B. Fishman, Fitzpatrick & Verstegen, Washington, D.C., and Alan Serrins, and Deinst & Serrins, New York City, for plaintiffs.

Russell H. Gardner, Jeanne M. Phelan, Whiteford, Taylor and Preston, Baltimore,

Md., and John A. Garwood, Toledo, Ohio, of counsel, for defendant.

## OPINION AND ORDER

NIEMEYER, District Judge.

Following a decision in 1985 to reduce its work force, defendant Champion Spark Plug Company selected the plaintiffs, among others, for termination. The plaintiffs filed this action contending that Champion discriminated against them because of their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1982), and that Champion's conduct was willful. They seek reinstatement, back pay with prejudgment interest, liquidated damages, and an amount for the loss of future income, often referred to as "front pay."

Champion has filed a motion *in limine* seeking an order prohibiting the introduction at trial of any evidence of "front pay." Alternatively, they ask that the evidence not be introduced in front of the jury but rather be reserved for a hearing before the Court on equitable relief in the event that plaintiffs obtain a jury verdict on liability. Champion also seeks to prohibit the introduction of evidence on prejudgment interest on the basis that plaintiffs ought not to receive both prejudgment interest and liquidated damages. *See Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109 (4th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981).

## I

The ADEA was enacted in 1967 to promote the employment of older persons based on their ability rather than their age and to prohibit arbitrary age discrimination in employment. 29 U.S.C. § 621(b). Remedies for violation of the Act are provided in § 626(b) which provides in part:

[i]n any action brought to enforce this chapter the court shall have jurisdiction to grant such *legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation* judgments compelling employment, reinstatement or pro-

motion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. (Emphasis added.)

Thus, the Act permits, without more specification, a range of equitable and legal remedies to give effect to its purposes.

■ For purposes of decision on all legal claims a jury trial is preserved. 29 U.S.C. § 626(c)(2). Once these issues are resolved by the jury, the Court has "clean-up" jurisdiction to effect any equitable remedies that may be appropriate. *See, e.g., Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

■ In this case plaintiffs seek "front pay" for loss of future wages and benefits which they contend should be computed by multiplying their projected annual incomes and benefits from Champion by the number of years until normal retirements and then reducing these sums to present value. Champion contends that the ADEA does not provide for front pay because the Act, which in its application is based on Title VII of the Civil Rights Act of 1964, provides for reinstatement to accommodate future loss. *See* 29 U.S.C. § 626(b) (ADEA provision allowing court to order reinstatement); *cf.* 42 U.S.C. § 2000e–5(g) (1982) (Title VII provision allowing court to order reinstatement of employees). Champion also contends that because plaintiffs could be reinstated, or could obtain another job as early as tomorrow, any award of front pay would be a windfall based on totally speculative circumstances and therefore would be improper. It relies on several previous decisions of this district. *See, e.g., Foit v. Suburban Bancorp.,* 549 F.Supp. 264, 267 (D.Md.1982); *Helwig v. Suburban Chevrolet, Inc.,* 33 FEP Cases 1261, 1266–67 (D.Md. Aug. 11, 1983); *MacGill v. The Johns Hopkins University,* 33 FEP Cases 1254, 1259 (D.Md. April 14, 1983); *Jaffee v. Plough Broadcasting Co.,* 19 FEP Cases 1194, 1195 (D.Md. March 2, 1979); *Mader v. Control Data Corp.,* 19 FEP Cases 1192, 1193–94 (D.Md. Oct. 13,

1978); *Covey v. Robert A. Johnson Co.*, 19 FEP Cases 1188 (D.Md. Nov. 30, 1978).

Without questioning or distinguishing the circumstances which have given rise to the reasoned decisions of my colleagues, it appears to me that in appropriate circumstances front pay is available as a potential remedy under the Act.

The ADEA preserves flexibility in the selection of remedies for violations, and it does not limit a court to specific types of remedies. Although liability, back pay, willfulness, and liquidated damages are questions traditionally presented to juries, other remedies which are equitable in nature, including reinstatement and injunctive relief, are available to restore a wronged person to the position he had before the illegal conduct occurred. If a wronged employee cannot be reinstated by reason of factual circumstances beyond his control, then the court should not be denied the possibility of awarding other relief including monetary relief to compensate him for injuries he is certain to sustain in the future by reason of the discrimination. The Court could very well find as a matter of equity that the employee would need retraining, that because of all the circumstances he could not obtain a new job for a specified period, and that therefore he should receive a finite period of front pay to carry him over.

The ADEA favors reinstatement as the preferred method of redress to prevent future injury. *See, e.g., Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). But failing an ability to provide that remedy, other equitable relief should be available to carry out the purpose of the Act. Virtually all of the circuits that have considered the issue have concluded that front pay is available under ADEA. *See, e.g., Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 616 (1st Cir. 1985) ("Future damages should not be awarded unless reinstatement is impracticable or impossible."); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir. 1984) (front pay is sometimes appropriate to effectuate the purpose of the Act); *Max-*

*field v. Sinclair Int'l*, 766 F.2d at 796 (3d Cir.) (1986) (front pay appropriate where reinstatement not possible); *Hansard v. Pepsi–Cola Metropolitan Bottling Co., Inc.*, 865 F.2d 1461, 1469 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989) (front pay available only in limited circumstances); *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 923 (6th Cir.1984) (front pay left to trial court's discretion under facts of individual case); *McNeil v. Economics Laboratory, Inc.*, 800 F.2d 111, 118 (7th Cir.1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987) (front pay appropriate when necessary to make plaintiff whole); *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982) ("The equitable relief that the district court may grant includes, *inter alia,* additional pension benefits, reinstatement, and monetary damages in lieu of reinstatement."); *Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982) ("Damages in lieu of reinstatement may be awarded in addition to liquidated damages."); *Smith v. Consolidated Mutual Water Co.*, 787 F.2d 1441, 1443 (10th Cir. 1986) (future damages available where reinstatement not available); *Goldstein v. Manhattan Industries Inc.*, 758 F.2d 1435, 1448–49 (11th Cir.1984), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985) (future damages appropriate where reinstatement impracticable or inadequate).

More importantly, the Fourth Circuit, which has not considered the issue directly, affirmed an award where front pay had been ordered in a suit brought under the ADEA in *Taylor v. Home Insurance Co.*, 777 F.2d 849 (4th Cir.1985), *cert. denied*, 476 U.S. 1142, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). To afford relief to the plaintiff, who had been demoted on two occasions by his employer as the result of age discrimination, the district court entered a decree that ordered the employer to offer the plaintiff two positions as each became available and "corresponding front pay, bonuses, benefits, and pension adjustments." *Id.* at 860. The Fourth Circuit affirmed

that portion of the district court's decree without discussing the propriety of the award of front pay. *Id.* While it cannot be said that this amounts to an express approval of front pay by the Fourth Circuit in ADEA cases, the district court's order apparently did not affront the Fourth Circuit's jurisprudence on the subject.

Because of the potential speculativeness of claims for front pay and the limited circumstances when they might be appropriate, such claims are not of right. They should be considered only as part of the overall equitable relief that may be considered by the court. "[T]he decision whether to award front pay in lieu of reinstatement is an equitable one entrusted to the trial judge." *Dominic v. Consolidated Edison Co. of New York, Inc.*, 822 F.2d 1249, 1257 (2d Cir.1987).

■ Not all courts agree and the circuits are split on whether the issue of quantifying front pay goes to the jury. The First, Second, Eighth, Tenth, and Eleventh Circuits have either openly stated or appear to support the position that the amount of front pay is a question for the court and not the jury. *See, e.g., Wildman*, 771 F.2d at 661 (1st Cir.) (the district court has discretion to award front pay because future damages are often speculative); *Dominic*, 822 F.2d at 1257 (2d Cir.) (award of front pay should be made by the court); *Gibson*, 695 F.2d at 1100 (8th Cir.) (the district court may grant, as equitable relief, monetary damages in lieu of reinstatement); *E.E.O.C. v. Prudential Federal Sav. and Loan Ass'n*, 763 F.2d 1166, 1173 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985) (Courts can alleviate the uncertainty of front pay by considering various factors); *Goldstein*, 758 F.2d at 1449 (11th Cir.) (selection of remedies is discretionary with the district court). The Third, Fifth, Sixth and Seventh Circuits, on the other hand, have determined that the amount of front pay to be awarded is a question for the jury. *See, e.g., Maxfield*, 766 F.2d at 796 (3rd Cir.) (the amount of damages available as front pay is a jury question); *Hansard*, 865 F.2d at 1470 (5th Cir.) (the jury should determine the amount

of front pay); *Fite v. First Tennessee Production Credit Ass'n*, 861 F.2d 884, 893 (6th Cir.1989) (front pay is a question for the jury); *Coston v. Plitt Theatres, Inc.*, 831 F.2d 1321, 1333 n. 4 (7th Cir.1987) (authority and reason suggest that amount of front pay is a jury question), *vacated on other grounds*, —— U.S. ——, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988).

This Court is of the view that if the jury is given the issue, it will be called upon to define a frozen image from fluid circumstances. Rather than being given the task of performing equity based on all the circumstances, the jury would be handed the task of computing mechanically a front pay number without the flexibility required by other factors which would necessarily have to be considered. For example, the appropriate number of years to be considered in computing front pay could only be answered after reaching a full understanding of the reasons why front pay might be allowed as a substitute for reinstatement. If the Court were to attempt to instruct the jury on all equitable factors to be considered, it would be doing no less than delegating its responsibilities to the jury who are ill equipped to give effect to equitable relief.

Once one reaches the conclusion, as this Court does, that front pay is only part of the panoply of remedies that can be considered in carrying out the equivalent of the equitable remedy of reinstatement, then leaving the computation of the amount of front pay to the Court and not the jury, appears to be the much preferred approach.

The Court will therefore submit to the jury in this case the issues (1) whether age was a determining factor in the decision of Champion to select plaintiffs for termination in January, 1986, as part of a reduction in work force, (2) if so, the amount of damages to be awarded, and (3) whether Champion's conduct, if found to violate ADEA, was willful. If the jury determines that ADEA has been violated, the Court will hold a hearing after the jury returns its verdict to consider equitable relief that may be requested. *See, e.g., Beacon The-*

*atres*, 359 U.S. at 508, 79 S.Ct. at 955. If the Court finds that reinstatement is not feasible, it will consider any other remedy that may be necessary to make the plaintiffs whole, including the possibility of front pay.

If the plaintiffs call a witness during the presentation of their case to the jury, who will also testify on equitable relief and for whom it would be particularly inconvenient to testify again after verdict, they may request an arrangement during trial by which the Court will receive testimony from that witness on equitable relief out of the presence of the jury.

For the foregoing reasons, defendant's motion *in limine* to exclude altogether evidence of front pay will be denied and its motion to preclude presentation of the evidence to the jury will be granted.

## II

The Court turns now to defendant's motion to prohibit the introduction of evidence before the jury on prejudgment interest. It seeks to exclude this evidence on the basis that prejudgment interest is not available if liquidated damages are awarded. *See, e.g., Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1114 (4th Cir.1981) (recovery of prejudgment interest is precluded by the statutory authorization for liquidated damages).

■ Prejudgment interest compensates for the loss of use of money and is intended to make the plaintiff whole. *See Cline v. Roadway Express, Inc.*, 689 F.2d 481, 489 (4th Cir.1982) ("Prejudgment interest is necessary, in the absence of liquidated damages, to make the individual discriminatee whole."). And it makes no difference whether plaintiffs characterize the value of losing the benefit of money as prejudgment interest or they simply bring back pay to present value, since the amounts so computed are compensatory in nature. Thus, evidence of prejudgment interest, computed from the times when wages and benefits would otherwise have been received to the day judgment is entered, is relevant to issue of damages.

In this case plaintiffs seek not only prejudgment interest but also liquidated damages, and the Fourth Circuit held in *Spagnuolo* and *Cline* that prejudgment interest is not available when liquidated damages are awarded. These decisions were based on the rationale which is applied in cases brought under the Fair Labor Standards Act, that liquidated damages compensate a plaintiff for delays in receiving back pay. *See Spagnuolo*, 641 F.2d at 1114 (*citing Masters v. Maryland Management Co.*, 493 F.2d 1329, 1334 (4th Cir.1974)).

Since *Spagnuolo* and *Cline* were decided, however, the Supreme Court stated that the liquidated damages under the ADEA were "punitive in nature." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). The plaintiffs have seized upon this language from *Thurston* and, supported by *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278 (2d Cir.1987) and *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir.1987), argue that prejudgment interest *is* available even if liquidated damages are awarded.

A ruling on this issue, at this juncture, would be premature. In the event that the jury finds that the defendant violated the ADEA and did so willfully, the Court will, at that time, decide whether prejudgment interest should be included as part of the award. In order to leave open the possibility of making that decision, the Court will require that prejudgment interest be proved by plaintiffs as a separate item of damages.

For the foregoing reasons, defendant's motion *in limine* to preclude evidence of prejudgment interest will be denied at this time.

Accordingly, this Opinion and Order is filed this 6th day of November, 1989, in support of its order entered on October 23, 1989, that:

1. Defendant's motion to prohibit evidence of front pay is denied, and its motion to present that evidence to the jury is granted;

2. Defendant's motion to prohibit evidence of prejudgment interest is denied,

but plaintiffs are required to present proof separating the amount of prejudgment interest for possible exclusion later, should it be determined to be appropriate.