Franklin J. STAFFORD, Plaintiff,

v.

ELECTRONIC DATA SYSTEMS
CORPORATION, Defendant.

No. 90–CV–70107–DT.

United States District Court,
E.D. Michigan, S.D.

July 30, 1990.

James A. Burns, Birmingham, Mich., for plaintiff.

Martin Wymer, Southfield, Mich., for defendant.

## OPINION AND ORDER REGARDING FUTURE RELIEF

ROSEN, District Judge.

### FACTUAL BACKGROUND

This is a wrongful discharge/breach of employment contract action predicated on the common law doctrine established by the Michigan Supreme Court's ruling in *Toussaint v. Blue Cross and Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980).

Plaintiff Franklin Stafford is a former employee of Defendant Electronic Data Systems Corporation ("EDS") whose employment with EDS was terminated on June 26, 1987.[1] Stafford filed a one-count Complaint for wrongful discharge in state court which EDS timely removed to federal court on the basis of diversity jurisdiction. Plaintiff seeks economic damages for EDS's allegedly wrongful termination of his employment in the form of both back pay and front pay (future) damages.[2]

At a pre-trial conference conducted with counsel for the parties immediately prior to the commencement of the trial of this cause, counsel for EDS requested that the Court rule on Plaintiff's entitlement to future damages. Defendant contends that even if Plaintiff successfully proves that he was wrongfully discharged, and, potential-

---

1. Stafford was originally employed by General Motors Corporation ("GM") as a Computer Operator and Scheduling Supervisor from 1967 until January 1, 1985. After GM purchased EDS in the latter part of 1984, Plaintiff was given the opportunity and, in fact, accepted a voluntary transfer to a position with EDS in January 1985.

2. Stafford also originally requested reinstatement, but in his trial testimony he stated that he

was no longer interested in being returned to EDS's employ because his review of the transcripts of the pre-trial depositions of his former EDS supervisors has led him to conclude that any "trusting" employer-employee relationship that he may have had with his supervisors/managers has been irreparably severed as a result of his lawsuit.

ly, may be entitled to an award of back pay, he is not entitled to future damages.[3]

The Court requested that the parties brief this issue, as well as the issues of whether the availability of future damages and the determination of the amount of an award of future damages are questions for the Court or for the jury. Both Plaintiff and Defendant submitted briefs which the Court has reviewed.

This Opinion addresses the issues of whether it is within the Court's or the jury's province to determine (1) whether to award reinstatement or future damages and (2) the availability and amount of such future damages.

## DISCUSSION

### A. REINSTATEMENT

■ It is well-established law that reinstatement is an equitable remedy. As such, whether reinstatement should be awarded is a question reserved for decision by the court. *Davis v. Combustion Engineering, Inc.,* 742 F.2d 916, 922 n. 5 (6th Cir.1984); *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1448 (11th Cir. 1985), *reh'g den.,* 765 F.2d 154 (11th Cir. 1985); *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1022–1023 (1st Cir.1979).

Therefore, the Court will not submit to the jury the question of whether reinstatement of Plaintiff to employment at EDS is feasible or appropriate, but rather will reserve to itself the determination of this issue.

### B. FUTURE DAMAGES/FRONT PAY

■ Both Michigan and federal courts have recognized the availability of front

pay, or future damages, "when appropriate" in wrongful discharge actions.[4] However, no Michigan court—and only a few federal courts—have addressed the question of within whose province does the front pay issue lie.

A review of Michigan and Sixth Circuit cases indicates that there is no hard and fast rule. Both the Sixth Circuit and the Michigan Court of Appeals have held that the issue of front pay itself is left to the sound discretion of the trial court. *Davis v. Combustion Engineering, Inc., supra,* 742 F.2d at 923; *Ritchie v. Michigan Consolidated Gas Co.,* 163 Mich.App. 358, 413 N.W.2d 796, 803 (1987). *See also, Schrand v. Federal Pacific Electric Co.,* 851 F.2d 152, 158 (6th Cir.1988) ("[F]ront pay is a remedy available to the trial court for use, in its discretion, in fashioning relief....") The Sixth Circuit's "trial-court's discretion" position is consistent with the holdings of virtually every other circuit that has considered the question. *See e.g., Goldstein v. Manhattan Industries, Inc., supra,* 758 F.2d at 1448; *Hedrick v. Hercules, Inc.,* 658 F.2d 1088, 1095 (5th Cir.1981); *Gibson v. Mohawk Rubber Co.,* 695 F.2d 1093, 1101 (8th Cir.1982); *Wildman v. Lerner Stores Corp.,* 771 F.2d 605, 615 (1st Cir. 1985); *Whittlesey v. Union Carbide Corp.,* 742 F.2d 724, 728 (2d Cir.1984).[5]

With respect to the specific question of whether the determination of front pay is more appropriately within the province of the court or the jury, the Sixth Circuit did recently affirm the trial court's submission to the jury of the issue of the amount of front pay to be awarded in *Fite v. First Tennessee Production Credit Ass'n,* 861 F.2d 884 (6th Cir.1988). However, this Court does not read the *Fite* decision as

---

**3.** Future damages or "front pay" relate to an award for *prospective* lost earnings, i.e., an employee's loss of future income for a period *after* the date of trial (as opposed to "back pay" which relates to loss of income from the date of discharge *until* the date of trial). *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1448 (11th Cir.1985).

**4.** *Ritchie v. Michigan Consolidated Gas Co.,* 163 Mich.App. 358, 413 N.W.2d 796, 803 (1987); *Diggs v. Pepsi–Cola Metropolitan Bottling Co.,* 861 F.2d 914, 921–924 (6th Cir.1988).

**5.** The Court notes that many of these cases were Title VII or ADEA suits, and not common law breach of contract actions. However, the Michigan Court of Appeals has expressly adopted the rationale of these federal courts concerning future damage awards in *Toussaint* and Elliott–Larsen actions. *See, Riethmiller v. Blue Cross and Blue Shield,* 151 Mich.App. 188, 390 N.W.2d 227, 232–234 (1986); *Ritchie v. Michigan Consolidated Gas Co., supra,* 413 N.W.2d at 803–804.

having abrogated the well-settled rule that the issue of front pay is within the trial court's discretion such that it is now *required* in the Sixth Circuit that the jury, rather than the court, determine the availability and amount of front pay in all cases.

In *Fite*, the defendant sought to overturn a judgment for the plaintiff of $270,-000, which included an award of front pay. The trial judge had ruled that reinstatement was not appropriate in the case, and determined that front pay was an available remedy. The judge then instructed the jury to determine the amount of front pay to be awarded. The defendant contended that the trial judge erred in submitting the matter to the jury arguing that the determination of the amount of front pay was *exclusively* a question for the court. The Sixth Circuit disagreed.

The *Fite* court began its analysis of the question by quoting from its earlier decision in *Davis v. Combustion Engineering, Inc., supra:* "An award of front pay *must be governed by the sound discretion of the trial court* and may not be appropriate in all cases...." 861 F.2d at 892 (Emphasis added). The court then went on to examine cases from the First, Second and Eighth Circuits—specifically, *Dominic v. Consolidated Edison Co.*, 822 F.2d 1249 (2d Cir. 1987), *Wildman v. Lerner Stores, Inc., supra,* and *Gibson v. Mohawk Rubber Co., supra*— in which those Courts of Appeals held that the issues of the availability *and* the amount of front pay are both *exclusively* for the court to decide.

In *Fite*, the Sixth Circuit declined to follow the rulings of those courts and found no abuse of discretion on the trial court's part in permitting the jury to determine the amount of front pay.

There is nothing in the *Fite* decision, however, to indicate that the Sixth Circuit intended to formulate a hard-and-fast rule requiring trial courts in every case to submit the front pay issue to the jury. It is this Court's view that, in this Circuit, the issue of front pay still rests within "the sound discretion of the trial court." This view is further supported by the fact that in several cases that came before the Sixth

Circuit, (one of them in the same year as *Fite*), the juries had been instructed to determine the amount of *back* pay to be awarded, but the *courts* made the determination of reinstatement and the amount of front pay. *See, e.g., Schrand v. Federal Pacific Electric Co., supra,* (jury awarded plaintiff $41,326 for back pay and the court denied his request for reinstatement and front pay); *Polk v. Yellow Freight System, Inc.*, 801 F.2d 190, 193 (6th Cir.1986) (jury instructed to determine back pay award and court determined award of reinstatement and front pay). There is no discussion in *Fite* of either of those cases nor any suggestion that *Fite* was intended to overrule or supplant those decisions.

As noted, the approach to front pay taken by the Court here is in accord with the decisions of a number of Circuit Courts around the country. First, it is well-settled law that "front pay" is only to be awarded in lieu of reinstatement where reinstatement is impracticable or inadequate. *Goldstein v. Manhattan Industries, Inc., supra,* 758 F.2d at 1439; *Whittlesey v. Union Carbide Corp., supra,* 742 F.2d at 728; *Loeb v. Textron, Inc., supra,* 600 F.2d at 1023. It is similarly beyond argument that the remedy of reinstatement is, itself, equitable in nature. *Goldstein, supra; Loeb, supra; Whittlesey, supra.*

From these logical starting points, it only makes sense that if reinstatement is a remedy clearly equitable in nature, then its substitute—where that remedy is impracticable—is likewise equitable in nature. And, if reinstatement is within the province of the court, then its substitute—front pay—is within the province of the court, as well.

This view is supported not only by policy and precedent, but by common sense, as well. This Court agrees with the rationale adopted by the Second Circuit in *Dominic v. Consolidated Edison Co.*, 822 F.2d 1249 (2d Cir.1987), that both the question of the availability of front pay damages *and* the amount of the award, are more appropriately decided by the court, not the jury. As the *Dominic* court explained:

There is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award. For example, both questions turn in part on the ease with which the employee will be able to find other employment. To divide the fact-finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions. A jury might conclude that the employee would never find other work and award a large sum in front pay, while the judge found that he or she would find work immediately and that no award was appropriate. Or, the judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment.

*Id.* at 1257.

Moreover, this Court does not believe that it should delegate its responsibility to fashion appropriate equitable relief to the jury. As the court in *Chace v. Champion Spark Plug Co.*, 725 F.Supp. 868 (D.Md. 1989) explained in refusing to submit the issue of front pay to the jury:

> This Court is of the view that if the jury is given the issue it will be called upon to define a frozen image from fluid circumstances. Rather than being given the task of performing equity based on all the circumstances, the jury would be handed the task of computing mechanically a front pay number without the flexibility required by other factors which would necessarily have to be considered. For example, the appropriate number of years to be considered in computing front pay could only be answered after reaching a full understanding of the reason why front pay might be allowed as a substitute for reinstatement. If the Court were to attempt to instruct the jury on all equitable factors to be considered, it would be doing no less than delegating its responsibilities to the jury who are ill equipped to give effect to equitable relief.

*Id.* at 871. *See also, Spivak v. Coulter Electronics, Inc.*, 686 F.Supp. 897, 898 (S.D.Fla.1988) (holding that the determination of entitlement to front pay, as well as the determination of the amount of any such entitlement, are "matter[s] of equity" and, as such, "within the Court's equitable discretion, rather than one for jury determination.")

Since this Court has the discretion to do so, it will retain for itself the determination of both the issue of availability of future damages, as well as the amount and nature of any such award. Accordingly, these issues will not be submitted to the jury and no jury instruction will be given on these matters.

## CONCLUSION

To summarize, this Court will reserve to itself the determination of the issues of (1) the availability and feasibility of reinstatement; (2) the availability of front pay or future damages, if reinstatement is not awarded; and (3) the amount of any award of future damages. These matters will not be submitted to the jury. The jury will be instructed that if it finds for Plaintiff on the issue of liability, then it is to determine an award of back pay damages (i.e., lost wages and benefits from the date of termination through the date of trial only).

The Court will rule on these reinstatement/front pay issues after the jury returns its verdict.