986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David B. STILES, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Amicus Curiae.
 No. 92-1886.
 United States Court of Appeals,
Fourth Circuit.
 Argued: November 30, 1992
Decided: February 12, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, District Judge. (CA-90-96-C-ST-MJ)
 Argued: Louis L. Lesesne, Jr., Lesesne & Connette, Charlotte, North Carolina, for Appellant.
 John Michael Brown, Wyatt, Tarrant & Combs, Louisville, Kentucky, for Appellee.
 On Brief: Edwin S. Hopson, Wyatt, Tarrant & Combs, Louisville, Kentucky; William H. Sturges, Wwinstein & Sturges, Charlotte, North Carolina; Octavia B. Wilkins, Senior Counsel, Labor & Employment Law, GE Appliances, Louisville, Kentucky, for Appellee.
 W.D.N.C.
 REVERSED AND REMANDED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 David B. Stiles filed an action in the Western District of North Carolina against General Electric Company (GE) alleging that GE violated section 4(a)(1) of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (1985) (ADEA or the Act) by terminating his employment because of his age. Stiles also asserted a state law claim for wrongful discharge. The district court entered summary judgment against Stiles on the ADEA claim and dismissed the state law claim. We reverse.[1]
 
 I.
 
 2
 Stiles began work as a salesman for GE in 1963. In 1980, he was promoted to Area Sales Manager (ASM) and assigned to cover the northwest region of North Carolina. As an ASM, Stiles won numerous performance awards, including "the Masters," GE's highest sales award. In his latest evaluation, Stiles received a satisfactory performance rating indicating that he met GE's requirements for his territory.
 
 
 3
 In 1989, GE announced a comprehensive reorganization of its major appliance division in response to declining sales in the market. Pursuant to the reorganization plan, all ASMs were told that their positions were being eliminated. The ASM's then had the opportunity to interview for the newly-created positions of"Region Manager-Retail" or "Region Manager-Contract." Although the job descriptions for the new positions remained substantially the same, fewer positions were available nationally.
 
 
 4
 GE issued a directive describing the procedures to be followed in selecting employees for termination and provided specific forms to be used in documenting the factors considered in making the selection decisions. The stated purpose of these procedures was to "balance equitable treatment for all affected employees with the need to retain the key talent" within the company. The directive specified that decisions should be in part based on performance evaluations. Where evaluations were not available, new evaluations were to be completed before any decisions were made. Id. The directive specifically noted that employees, like Stiles, who had been with GE for twenty-five years or more should be accorded "special placement consideration" in the reorganization given GE's recognition of the value of the veteran employees' "sustained performance over time."
 
 
 5
 In the Carolina region, three retail ASM positions were to be eliminated. In December 1989, Stiles and the other Carolina ASMs were interviewed by the new supervisors, Jack Hodges and David Sheehan. In January 1990, Stiles was told that he would be terminated along with two other ASMs. Stiles was fifty; the other two terminated ASMs, Jim Bennett and Bill Erwin, were over forty.
 
 
 6
 Stiles filed a charge of age discrimination with the Equal Employment Opportunity Commission. During the investigation of the charge, GE told the Commission that Stiles was discharged because his most recent performance evaluation showed him to be an ineffective performer, and he was not proficient with computers. At depositions taken later in the litigation, however, local management for GE denied that Stiles had been terminated for these reasons.
 
 
 7
 In fact, management's explanations for Stiles' discharge revealed that the actual selection process did not follow GE's written reorganization procedures. In the southeast region, employee evaluations were not completed for 1989, and the 1988 evaluations were not used. Instead, the incumbent ASMs were instructed to fill out a questionnaire which later served as the basis for a one-hour in-person interview conducted by management. Termination decisions were then based primarily on impressions from these interviews, with performance assessments of the ASMs to be confirmed with prior supervisors.
 
 
 8
 Sheehan and Hodges testified that they did not consider the relative past sales performance of the various ASMs; Hodges concluded that he did not think this information would be relevant in determining whether the individuals would be successful in the newly renamed positions. Denying that they had considered the prior performance evaluations of any of the interviewed employees, Sheehan and Hodges stated that Stiles was terminated because Stiles had not impressed them during his interview. Hodges also asserted that he had spoken to Stiles' old supervisor who confirmed that Stiles was a weak performer. Hodges did not document this conversation.
 
 
 9
 At the close of discovery, GE moved for summary judgment on all claims. The district court granted the motion as to the ADEA claim and refused to exercise pendent jurisdiction over the state law claim for wrongful discharge. Stiles filed a timely appeal.
 
 II.
 
 10
 We review the district court's decision granting summary judgment de novo. Higgins v. E. I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate in those cases where there is no dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment is appropriate only if a rational trier of fact could not find for the non-moving party in light of the record as a whole. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In making this assessment, all inferences from the underlying facts must be drawn in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).
 
 
 11
 The ADEA prohibits the termination of an employee on the basis of age. 29 U.S.C. § 623(a)(1). The substantive elements of an ADEA claim are that (1) an employee covered by the Act (2) has suffered an unfavorable employment action by an employer covered under the Act (3) such that absent the employer's age-based discriminatory intent, the employee would not have been discharged. Fink v. Western Elec. Co., 708 F.2d 909, 914 (4th Cir. 1983). An employee can prove the employer's discriminatory intent in one of two ways: (1) under ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue; or (2) under the scheme of proof judicially developed for Title VII cases, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and subsequently adapted for use in ADEA cases. See Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir. 1982).
 
 
 12
 To prove discriminatory discharge in violation of the ADEA, a plaintiff must demonstrate that but for the employer's discriminatory intent, the claimant would not have been subjected to discharge. Spagnuolo v. Whirlpool Corp., 641 F.2d 1109, 1112 (4th Cir.), cert. denied, 454 U.S. 860 (1981). The district court concluded that Stiles had failed to present direct or circumstantial evidence of age discrimination of "sufficient probative force to reflect a genuine issue of material fact." Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). We agree that Stiles' case is analyzed more favorably for him under the McDonnell Douglas scheme of proof.[2]
 
 
 13
 To support a claim of age discrimination via the McDonnell Douglas scheme of proof, an employee must first establish a prima facie case of age discrimination. Accepting Stiles' version of all disputed facts, the district court determined, and we agree, that Stiles established a prima facie case of age discrimination by showing: (1) that he is a member of a protected age group (over 40); (2) he was discharged; (3) at the time of his discharge he was performing his job at a level that met his employer's legitimate expectations; and (4) that the residual workforce produced by the selection process contained some unprotected employees who were performing at a level lower than Stiles or that GE did not treat age neutrally in selecting Stiles for termination. Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231 (4th Cir. 1991), citing EEOC v. Western Elec. Co., 713 F.2d 1011, 1014-15 (4th Cir. 1983); Duke v. Uniroyal, Inc., 928 F.2d 1413 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991).
 
 
 14
 Such a prima facie showing creates only an inference of discrimination, however. The employer then has the opportunity to rebut that inference by presenting legitimate, non-discriminatory reasons for the discharge. McDonnell Douglas, 411 U.S. at 802. We have previously described the Defendant's burden in this regard as a"relatively modest" one. Lovelace, 681 F.2d at 244. Here GE offered that Stiles was released due to a massive national restructuring of the company. The record leaves no doubt that GE carried its burden. GE offered credible, if somewhat inconsistent, evidence that the company's decision to reduce its workforce was economically driven, and that Stiles was terminated because he was perceived to be an ineffective performer relative to other retained employees. A legitimate explanation for Stiles' discharge having been provided, the burden shifted to Stiles to show by a preponderance of the evidence that the Defendant's proffered reason for his discharge was a pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. at 252-53.
 
 
 15
 The district court concluded that Stiles had failed to show that GE's proffered reasons for his discharge were pretextual. It is at this stage of the McDonnell Douglas analysis that the district court improperly weighed the evidence to Stiles' detriment. The district court reasoned that the record in this case was"devoid of evidence indicating the presence of age discrimination" on the part of GE. Considering all the facts in a light most favorably to Stiles, we must disagree.
 
 
 16
 In theory, GE had developed elaborate procedures as to how the reorganization of its sales force would take place, including how the leaner management sales force would be chosen. In practice, the new sales force was chosen on the basis of one-on-one interviews with the candidates. Not only did GE deviate from its stated policies, but the testimony of defense witnesses differed somewhat as to what factors had guided the selection process. The district court noted these inconsistencies, but ultimately concluded that they were insufficient to defeat GE's motion for summary judgment.
 
 
 17
 The question is whether these deviations from stated policy and inconsistencies in testimony raise a genuine issue as to whether GE's stated reason for its discharge of Stiles was in fact pretextual. Failure to follow established procedures with respect to an employee's discharge has been held to support a finding of discriminatory discharge. Hamilton v. 1st Source Bank, 895 F.2d 159, 162 (4th Cir. 1990). However, deviation from established procedures creates no presumption of discrimination, especially when there is little other evidence supporting a finding of discrimination. Moreover, unlike Hamilton, there has been no allegation here that GE ignored established procedures in dealing with Stiles, but applied the procedures in dealing with other employees.
 
 
 18
 Even so, evidence indicating that GE failed to follow established procedures helps Stiles to raise a genuine dispute over whether GE's stated reasons for his discharge were pretextual. This is not because such evidence creates a presumption of discrimination, but because GE cannot point to an established, merit-based, and age-neutral system which guided the company's reduction in force to overcome Stiles' charges. While Stiles bears the burden of raising a factual issue as to whether GE's stated reasons for his discharge were pretextual, GE has forfeited a possible shield to Stiles' claims by failing to follow its own procedures.
 
 
 19
 The district court observed that it was troubled by the fact that the personnel records before it were incomplete, noting that the absent current employee evaluations would have allowed"a more detailed analysis and comparison of the employees who were discharged and hired." The district court also noted that "the statements from defense witnesses surrounding the basis and justification for discharging the plaintiff appear to be slightly inconsistent." Stiles pointed to both of these factors as a basis for denying GE's motion for summary judgment. In response, the district court indicated that it did not give these factors "as much significance" since Stiles had failed to produce evidence indicating the presence of age discrimination. Neutralizing the impact of this evidence allowed the district court to conclude that Stiles had failed to "satisfy the burden of proving that [GE's] articulated reasons [for his discharge] were pretextual."
 
 
 20
 On this point, we do not agree with the district court's reasoning, or its resolution of the case in favor of the defendant. An age discrimination plaintiff bears the burden of proving at trial that his employer's stated reasons for his discharge are pretextual. At the summary judgment stage, however, the plaintiff must only raise a genuine issue of fact as to whether his employer's stated reasons for his discharge are pretextual. Conkwright, 933 F.2d at 235.
 
 
 21
 In our view, Stiles clearly demonstrated a genuine issue of fact as to whether age, rather than performance ratings, was used by GE in selecting Stiles for discharge. Stiles disputed GE's contention that terminations were based on relative merit by showing that the decision to terminate him was made without reference to any past performance evaluations. GE's failure to follow its own written policies with regard to its reduction in force does little to refute Stiles' suggestion that his termination decision was not merit-based. Stiles also offered unrefutable evidence that GE at times gave inconsistent explanations for his discharge.
 
 
 22
 In addition, the absence of any indication that Stiles was given any beneficial treatment for his over twenty-five years of service to the company is troubling. This fact not only contradicts GE's stated procedure for its reduction in force, it renders GE susceptible to an inference of discrimination. To support his challenge to GE's explanation that the reasons for his discharge were merit based, Stiles can point to twenty-five years of satisfactory performance with the company. GE, on the other hand, can point only to a wholly subjective termination decision made by its management on the basis of a one-hour interview. Although an employer has the freedom to make its employment decisions based on subjective considerations such as an interviewer's impressions of a candidate, such a selection process is vulnerable to accusations of pretext. In the instant case we conclude that Stiles has pointed to more than sufficient evidence raising a question as to whether GE's stated reasons for his discharge were pretextual. The jury may ultimately agree with the district court's view that Stiles' evidence is insufficient to successfully support a claim of age discrimination, but the present posture of this case does not allow us to weigh the ultimate merits of Stiles' claims.
 
 III.
 
 23
 In addition to his ADEA claim, Stiles asserted a claim for wrongful discharge under North Carolina law. The district court declined to exercise pendent jurisdiction over this claim following its grant of summary judgment in favor of GE on the ADEA claim. Because we hold that summary judgment in favor of GE was unwarranted, the dismissal of Stiles' state claim for wrongful discharge must also be reversed.
 
 IV.
 
 24
 Because there are genuine factual issues in dispute, we reverse the district court's grant of summary judgment in favor of GE. We similarly reverse the dismissal of Stiles' state claim for wrongful discharge, and remand for further proceedings consistent with this opinion.
 
 REVERSED AND REMANDED
 
 
 [1]
 The Equal Opportunity Commission filed a motion for leave to file an amicus brief in favor of Stiles out of time, as well as a motion to present oral argument. By order dated December 2, 1992, we granted the EEOC's motion to file an amicus brief, but denied leave to participate in oral argument
 
 
 [2]
 Because we conclude that Stiles should have prevailed below under the McDonald Douglas method of proof, we find it unnecessary to address Stiles' contention that he has enough direct and circumstantial evidence to create a genuine issue of fact under ordinary principles of proof